## Yost v. Coxe Traveling Grate Company.

*Workmen's compensation—Appeals—Parties in interest—Physician's bill —Acts of June 2, 1915, and June 26, 1919.*

Where a referee, under the Workmen's Compensation Act of June 2, 1915, P. L. 736, amended by the Act of June 26, 1919, P. L. 642, disallows a physician's bill and the workman does not appeal, the physician himself is not a party in interest with a standing to appeal to the Workmen's Compensation Board.

Appeal by Dr. M. C. Householder from the decision of the Workmen's Compensation Board disallowing his claim for surgical and medical services. C. P. Schuylkill Co., July T., 1922, No. 139.

*E. D. Smith,* for claimant; *George Gowen Parry,* for defendant.

Koch, J., June 19, 1922.—John A. Yost, an employee of the defendant, was injured during the course of his employment and was taken to the Pottsville Hospital for care and treatment. He had entered into a compensation agreement with the defendant and afterwards petitioned the Workmen's Compensation Board to have the agreement reviewed on the ground of a mistake. In his appeal he states his ground thus: "My surgeon's bill (Dr. Householder) for services from March 29, 1920, to April 24, 1920, in the following amount has not been paid: Reducing fracture, $15; suturing muscles and tendons, $10; twenty-seven visits, at $1.50, $40.50; total, $65.50. These services were rendered while I was a patient in the Pottsville Hospital, and for this reason

the defendant company refuses to pay for them." The defendant answered that it had discharged its full liability for medical fees.

When the case was called before Referee Thomas C. Seidel, the testimony of only three witnesses was taken, namely, Miss Florence Hamilton, cashier of the Pottsville Hospital; Dr. J. B. Rogers, chief of the hospital, and Dr. M. C. Householder, of the surgical staff. No mistake in the compensation agreement itself was shown. We quote from the "Referee's Award or Disallowance" as follows:

### "Findings of fact.

"1. This case came before your Honorable Board on a petition by the claimant, who avers therein that Dr. Householder, the Staff Surgeon of the Pottsville Hospital, who performed an operation on him while he was a ward patient in that institution, was not paid his bill of $65.50, which was for the operation, suturing muscles and tendons and subsequent visits. The defendant's insurance carrier denies its liability in the case.

"2. We find that when the claimant was injured, he was sent to the Pottsville Hospital, where he was placed in the general ward. At the time, Dr. Householder was surgeon-in-chief of the Pottsville Hospital staff. As such he reduced a compound fracture of the lower third of the left forearm of the claimant, sutured the muscles and paid twenty-seven visits to the claimant in the ward, all of which were done within the first thirty days after disability began. Dr. Householder rendered the claimant a bill for his services, amounting to $65.50. The hospital authorities charged the claimant for treatment, services and supplies, also, amounting to $87, which bill was paid by the insurance carrier of the defendant company.

"3. Dr. Householder testified at the hearing in the case that when he was chief of staff, his operations and attention toward patients, such as this, were performed and given for the hospital and not in his individual capacity. He also testified that while bills were rendered for the chief surgeon in such cases, this practice was the exception and not the rule. We find that the operation, and subsequent surgical and medical attention of Dr. Householder rendered the claimant, John A. Yost, was performed and rendered in his capacity as chief of staff of the Pottsville Hospital, in which the claimant was a patient. That all this attention was given in behalf of and for the hospital.

### "Conclusions of law.

"Since the services rendered by Dr. Householder were rendered for the hospital and not in his individual capacity, and since it is the rule of the hospital not to charge ward patients for operations performed and subsequent attention given by its surgeon-in-chief, we declare that the claimant is not entitled to be paid the amount of Dr. Householder's bill. Particularly is this the case since the hospital was paid its charges for hospital treatment, services and supplies.

"The services rendered by Dr. Householder to the claimant cannot be divorced from the hospital treatment, since his own testimony was that he operated for the hospital. In other words, his service as chief of staff was rendered gratuitously to the hospital and also to the patient, the claimant, and must have been so regarded by the hospital when it rendered its bill to him for treatment, services and supplies."

Yost, the claimant, took no appeal from the referee's decision, but Dr. Householder, not being content, appealed to the Workmen's Compensation Board. The board, in a well-considered opinion by Chairman Mackey, affirmed the findings of fact and conclusions of law of the referee and dismissed the

2 D. & C.

Yost v. Coxe Traveling Grate Company.

appeal, and from that decision Dr. Householder has taken the appeal now before us.

The Workmen's Compensation Act of June 2, 1915, P. L. 736, was considerably amended by the Act of June 26, 1919, P. L. 642. Article IV relates entirely to procedure. Section 13 of the Act of March 21, 1806, 4 Smith & Reed, 332, provides: "That in all cases where a remedy is provided or duty enjoined, or anything directed to be done by any act or acts of assembly of this Commonwealth, the directions of the said acts shall be strictly pursued," etc. Now, the Compensation Law provides that "any party in interest" may appeal to the Compensation Board from the referee's award or disallowance (section 423), and that "any party may appeal from any action of the board in matters of law to the Court of Common Pleas," etc. (section 427). Strictly speaking, only parties in interest are allowed to appeal. "Any party," or "any party in interest," does not mean anybody, or everybody, who has some indirect interest in the result of a claim. Parties to an action are only such as are directly interested in the subject-matter and who have a right to control the proceedings, to make defence, and to adduce and cross-examine witnesses and to appeal from the decision, if any appeal lie: Peterson v. Lothrop, 34 Pa. 223; Giltinan v. Strong, 64 Pa. 242; Strayer v. Johnson, 110 Pa. 21, 24; Hahn v. Bealor, 132 Pa. 242, 253, and Walker v. Philadelphia, 195 Pa. 168, 173. In our view of the case, we have no right to consider Dr. Householder a party here, and, therefore, are obliged to disregard the question intended to be raised by his attempted appeal, objection having been made to the appeal on that ground by the defendant, who is a party in interest.

The appeal is dismissed.          From M. M. Burke, Shenandoah, Pa.