. [No. 6383.  Decided January 9, 1907.]

McPHERSON BROTHERS COMPANY, *Appellant*, v. OKANOGAN COUNTY *et al.*, *Respondents.*[1]

AUCTIONS—COUNTIES—SALE OF REAL PROPERTY—REFUSAL TO AC-
CEPT BID. A bid for county real estate, offered for sale at public
auction, does not constitute a contract which can be specifically en-
forced, where the county treasurer refused to accept the bid or strike
off the property.

SAME—DISCRETION OF OFFICER. Upon an auction sale of county
real property, the county treasurer has discretionary power to refuse
to accept a bid which in his judgment is not made in good faith or
would sacrifice the property.

Appeal from a judgment of the superior court for Okano-
gan county, Steiner, J., entered May 12, 1906, upon sus-
taining a demurrer to the complaint, dismissing an action to
compel a county and its treasurer to accept a bid and make a
conveyance of real property sold at public auction. Affirmed.

*Peter McPherson* and *Perry D. Smith,* for appellant, to the
point that the highest and best bidder is entitled to have the
property struck off to him, cited: *Morgan v. East,* 126
Ind. 42, 25 N. E. 867, 9 L. R. A. 558; *Chouteau v. Goddin,*
39 Mo. 299, 90 Am. Dec. 462; 1 Am. & Eng. Ency. Law
(1st ed.), 989; *Walsh v. Barton,* 24 Ohio St. 28; *Baum v.
Sweeny,* 5 Wash. 712, 32 Pac. 778; *East River Gas-Light
Co. v. Donnelly,* 93 N. Y. 557; *People ex rel. Coughlin v.
Gleason,* 121 N. Y. 631, 25 N. E. 4; *Jacobson v. Board of
Education* (N. J.), 64 Atl. 609. Inadequacy of considera-
tion is not a valid reason for refusal to accept a bid where
the terms of sale prescribe no limit. *Mayberry v. Whittier,*
144 Cal. 322, 78 Pac. 16; *Bank v. Doherty,* 37 Wash. 32,
79 Pac. 486; *Burton v. Kipp,* 30 Mont. 275, 76 Pac. 563;
*State ex rel. Mackay v. Phillips,* 36 Wash. 651, 79 Pac. 313;
*Opie v. Pacific Investment Co.,* 26 Wash. 505, 67 Pac. 231,

[1]Reported in 88 Pac. 199.

56 L. R. A. 778; *Phillips v. Welts,* 40 Wash. 501, 82 Pac. 737. There was no lack of mutuality that would defeat the right. *Guyer v. Warren,* 175 Ill. 328, 51 N. E. 580; *Western Timber Co. v. Kalama River Lumber Co.,* 42 Wash. 620, 85 Pac. 338; 2 Warvelle, Vendors, p. 748; *Perry v. Paschal,* 103 Ga. 134, 29 S. E. 703; *Engler v. Garrett,* 100 Md. 387, 59 Atl. 648.

*E. K. Pendergast* and *A. W. Barry,* for respondents.

FULLERTON, J.—In substance the complaint of the appellant alleged that the county of Okanogan, being the owner in fee simple of certain real property, advertised the same for sale at public auction to the highest and best bidder for cash; that, at the time and place appointed for the sale, the appellant appeared, and when the property was offered for sale, bid therefor the sum of one hundred dollars, which sum was the highest and best bid offered for such property; that the county, through its officers, refused to accept said bid, or knock down the property to it for said bid, and on its subsequent tender of that sum to such officers in compliance with its bid, refused to accept or receive the same, and refused on its demand to convey the property to it. The prayer of the complaint is that the respondent county be required to accept the bid and convey the property to the appellant. To this complaint the respondents interposed a general demurrer, which the trial court sustained. The appellant thereupon elected to stand on the complaint, whereupon the court entered a judgment of dismissal, from which this appeal is taken.

The appellant contends that, since it bid for the property when it was offered for sale and since its bid was the highest and best bid offered therefor, it was the duty of the officer conducting the sale to strike off the property to it, and that the failure of the officer so to do cannot affect its right to have the sale completed, and that it is now entitled to a deed

to the property.  On the other hand, the respondents contend that the bid of appellant was a mere offer of purchase, of which there was no acceptance, and hence there could follow no obligation on the part of the county or its officers to convey the property to it, on its demand and tender of the sum bid.

On the question whether an auction sale is so far complete as to enable the seller to enforce the payment of the sum bid for property offered for sale, or the bidder to enforce a delivery or conveyance of such property, where the sale has proceeded no farther than an offer on the one side and a bid on the other, the leading case is *Blossom v. Railroad Co., 3* Wall. 196, 18 L. Ed. 43.  It was there held that a bidder at a judicial sale at public auction, whose bid had not been accepted, could not, even though he was the highest and best bidder, enforce an acceptance of his bid and a conveyance of the property to him, on tender to the proper person of the amount of such bid.  Arguendo the court said:

"Contracts for the purchase and sale of goods or lands at public auction are contracts founded upon mutual promises and a mutuality of obligation, and consequently they cannot be regarded as having been perfected and made binding unless they have received the consent of the parties.  Consent of parties being essential to the contract set up in this case, it becomes important to ascertain in what way and to what extent such assent must be manifested, and to distinguish accurately between mere offers or proposals by the one party not accepted or approved by the other, and mutual and positive engagements which neither party can retract or withdraw.

"Unaccepted offers to enter into a contract bind neither party, and can give rise to no cause of action; as, for example, if one merchant offer to sell goods to another, such an offer is not binding until it has been in some form accepted by the party to whom it was made.  Liability cannot arise in such a case, because the party making the offer cannot be held answerable to the other for not selling the goods, unless that other by accepting the offer has bound himself to purchase.  .  .  .

"Biddings at an auction, says Mr. Addison, are mere offers, which may be retracted at any time before the hammer is down and the offer has been accepted. Leading case upon that subject is that of *Paine v. Cave,* where it was expressly held that every bidding at an auction is nothing more than an offer on one side until it has received the assent of the auctioneer as the agent of the owner. Supreme court of Pennsylvania held, in the case of *Fisher v. Leitzer,* that a bidder at a sheriff's sale has a right to retract his bid before the property is struck down to him, and that the sheriff has no right to prescribe conditions which will deprive him of such a right. Express ruling was that a bid at an auction before the hammer falls is like an offer before acceptance, and that when the bid is withdrawn before it is accepted there is no contract, and that such a bidder cannot be regarded in any sense as a purchaser. Rule, as laid down in the last edition of 'Story on Sales,' is substantially the same as that adopted in the preceding case. Speaking of ordinary sales at an auction, the author says that the seller may withdraw the goods or the bidder may retract his bid at any time before they are struck off, and the reason assigned for the rule is, that so long as the final consent of both parties is not signified by the blow of the hammer there is no mutual agreement to a definite proposition. But as soon as the hammer is struck down, says the same author, the bargain is considered as concluded, and the seller has no right afterwards to accept a higher bid nor the buyer to withdraw from the contract. Same rules prevail upon a sale under common law process, as in other cases of sales at public auction, so far as respects the question now before the court. Until the property is actually struck off to the bidder he may withdraw his bid as a mere offer or proposition. . . .

"Subject to those qualifications, and perhaps some others which need not be noticed, the question of sale or no sale, when it arises under a state of facts such as are exhibited in this record, may be fully tested by substantially the same rules as those which apply in cases of sales under common law process, or in other cases of sales at public auction. Tested by those rules, it is clear to a demonstration that there was no sale of the mortgaged premises in this case, because the property was never struck off to the appellant, nor was his bid, by act or word or in any manner, ever accepted by the

seller, and the record shows that, at the hearing in the court below, nothing of the kind was pretended by the appellant. Instead of setting up that pretense, his complaint was that the marshal erred in refusing to accept his bid, which, if possible, is less defensible upon the facts and circumstances of the case than the theory of the sale and purchase."

See, also, *Warehime v. Graf*, 83 Md. 98, 34 Atl. 364; *Hartwell v. Gurney*, 16 R. I. 78, 13 Atl. 113; *Coleman v. Lord*, 72 Texas 288, 10 S. W. 91.

Measured by the tests thought sufficient in these cases, the offer to sell the property and a bid therefor by the appellant did not create a contract of sale between the county and the appellant, since the property was not struck off to the appellant, nor his bid accepted; and there being no contract of sale between the parties, there is no contract capable of being specifically performed. If the appellant is entitled to recover in this case, therefore, he must recover on the principle that the county officer making the sale had no right to refuse to accept his bid. But we think it cannot be said that the officer had no duty other than to make the sale. We think the officer was clothed, from the very necessities of the case, with a certain amount of discretion. For example, had no bidder at all appeared at the place of the sale at the time appointed, or within a reasonable time thereafter, he could surely have abandoned the attempt and made a return to the effect that the property was not sold for want of bidders, or he could, on his own motion, have postponed the sale to a definite time later. Certainly there was no requirement that he continue to cry the sale until a bidder appeared. And we think this discretion goes to the extent of permitting him lawfully to refuse a bid whenever in his judgment the bid is not made in good faith, or is made in such an amount as would make it a virtual sacrifice of the property to accept it. The record here is silent as to the reason the officer refused to accept the appellant's bid, but nothing is alleged in the complaint to overcome the presumption that the officer acted

in good faith, and within his best judgment. Such being the case, we conclude that his refusal to accept the appellant's bid was within the scope of his powers, and therefore lawful.

The judgment is affirmed.

ROOT, CROW, DUNBAR, and HADLEY, JJ., concur.