## Richmond

HUBERT N. HOFFMAN v. HOWARD P. HORTON, ET AL.

January 17, 1972.

Record No. 7659.

Present, All the Justices.

*L. Lee Bean,* for plaintiff in error.

*Philip Schwartz (Schwartz and Ellis,* on brief), for defendants in error.

CARRICO, J., delivered the opinion of the court.

The question involved in this case is whether an auctioneer at a foreclosure sale may reopen the bidding when an overbid is made immediately prior to or simultaneously with the falling of the hammer in acceptance of a lower bid.

The question arises from an auction sale conducted to foreclose a deed of trust in the sum of $100,000 upon the "Field Tract" in Arlington County, owned by the defendants Howard P. Horton and wife and Ralph R. Kaul and wife. At the sale and after spirited bidding, a bid of $177,000 was made by Hubert N. Hoffman, the plaintiff, and received by the auctioneer. When no other bids appeared

to be forthcoming, the auctioneer asked, "Are you all through bidding, gentlemen?" After a pause, he stated, "Going once for $177,-000.00, going twice for $177,000.00, sold for $177,000.00." Whereupon, he struck the palm of his left hand with his right fist.

Immediately, one of the trustees, who had been standing nearby, rushed up to the auctioneer and told him that he had missed a bid of $178,000. The auctioneer, who had neither seen nor heard the bid, stated, "If I missed a bid, you people had better speak up. I am going ahead with the sale." The plaintiff then stepped forward and said, "Gentlemen, I have purchased this property for $177,000.00." The auctioneer and the trustee both disagreed with the plaintiff, and the auctioneer announced to the crowd that he had a bid of $178,000. The bidding proceeded, and the property was finally knocked down to the plaintiff for $194,000.

The plaintiff paid the $5,000 deposit required by the terms of the foreclosure but insisted that he had purchased the property for $177,-000. Later, he paid the balance of the $194,000 under protest and brought an action against the former owners and the trustees to recover the $17,000 difference between the two bids in dispute. The trial court denied the plaintiff's claim, and we granted a writ of error to review the judgment.

At the outset of our discussion, we deem it necessary to state that the question before us must be decided without reference to the statute of frauds, Code § 11-2(6). The applicability of the statute has not been raised as an issue in the case.

The trial court found as a matter of fact, and this finding is not questioned by the plaintiff, that the $178,000 bid was made "prior to or simultaneously with" the falling of the auctioneer's fist in acceptance of the plaintiff's bid of $177,000. Based upon its finding of fact, the court held that "the bid for $178,000.00 was made before the bid for $177,000.00 had been accepted" and that the auctioneer had "acted within the discretion permitted" him in reopening the bidding and continuing with the sale.

In holding that the auctioneer was vested with discretion to reopen the bidding, the trial court relied upon Code § 8.2-328(2), a part of the Uniform Commercial Code. The statutory language so relied upon reads as follows:

"A sale by auction is complete when the auctioneer so announces by the fall of the hammer or in other customary manner. Where

a bid is made while the hammer is falling in acceptance of a prior bid the auctioneer may in his discretion reopen the bidding or declare the goods sold under the bid on which the hammer was falling."

We disagree with the trial court that the transaction in this case, involving the sale of land, is controlled by § 8.2-328(2) of the Uniform Commercial Code. Title 8.2 of the Commercial Code applies only to transactions relating to "goods." Code §§ 8.2-105, -107.

However, while the Uniform Commercial Code is not controlling here, we think it appropriate to borrow from it to establish the rule applicable to the transaction at hand. To vest the auctioneer crying a sale of land with the same discretion to reopen bidding that he has in the sale of goods is to achieve uniformity and, of more importance, to recognize a rule which is both necessary and fair.

We hold, therefore, that the auctioneer in this case was vested with discretion to reopen the bidding for the land which was being sold. And we agree with the trial court that the auctioneer "acted within" his discretion in reopening the bidding and continuing with the sale when it was made apparent to him that a higher bid had been submitted "prior to or simultaneously with" the falling of his fist in acceptance of the plaintiff's lower bid.

Accordingly, the judgment of the trial court will be affirmed.

*Affirmed.*