## Richmond

### Don D. McAfee v. Jack R. Brewer and Virginia Brewer.

March 4, 1974.

Record No. 730311.

Present, Snead, C.J., I'Anson, Carrico, Cochran, Harman and Poff, JJ.

*William B. O'Connell*, for plaintiff in error.

*Stephen W. Pournaras*, for defendants in error.

I'Anson, J., delivered the opinion of the court.

Don D. McAfee, plaintiff, instituted this action against the defendants, Jack R. Brewer and his wife, Virginia Brewer, to recover the balance due on an alleged contract between the parties for the sale of certain furniture. The case was tried without a jury, and the trial judge held for the defendants on the ground that they had not accepted plaintiff's offer to sell, since there was no "meeting of the minds" of the parties on the exact furniture items to be purchased. We granted plaintiff a writ of error to the judgment.

Plaintiff contends that the trial court erred in not holding that his offer to sell was accepted by the defendants, and in denying him recovery on the contract.

The evidence shows that plaintiff and another were co-owners of the Dower House in McLean, Virginia, which the defendants had contracted to buy. Several weeks prior to the May 7, 1971, settlement date for purchase of the property, the defendants began negotiations with the plaintiff for the purchase of certain items of furniture in the house.

On April 30, 1971, plaintiff sent the defendants a letter containing the following: a list of furnishings to be purchased by the defendants at specified prices; a payment schedule of $3,000 due upon acceptance, $3,000 due 60 days after the acceptance date, and $2,635 due 120 days after the acceptance date; a blank space for the defendants' signatures and the date the signatures were affixed; and a clause reading, "If the above is satisfactory please sign and return one copy with the first payment."

The delivery of the furniture was to be accomplished by leaving the items in the house; in fact, the items remained in the house after the settlement date.

On June 3, 1971, the defendants sent the following letter to plaintiff:

"Exams were horrible but Florida was great! Enclosing a $3,000 ck.—I've misplaced the contracts. Can the secretary send another set? We're moving into Dower House on June 12—please include the red secretary on the contract for entrance foyer. I'll have to stop by sometime during the month & order a coffee table.

"Hope all is well—

Sincerely—

/s/ Va. & Jack"

Plaintiff, in turn, sent the defendants a letter dated June 8, 1971, in which he enumerated the various items of furniture purchased by them. Except for several additionally approved items, the list on the June 8 letter corresponded precisely with the list in the April 30th letter. Believing he had a contract with the Brewers to sell them the listed items of furniture, the plaintiff purchased new furniture to furnish his new home.

The defendants moved into Dower House around the middle of June 1971. Shortly thereafter the defendants made a number of telephone calls to plaintiff's office in an attempt to advise him that there had been a misunderstanding relating to their purchase of the listed items. Their calls were not returned. After unsuccessful efforts

to settle the matter, the defendants refused to send plaintiff any more money, and this action was instituted.

Defendants testified that no agreement ever existed on what furniture was to be purchased. Defendant Jack R. Brewer further testified that he sent the $3,000 check only to buy several of the listed items, which totaled approximately $2,600, not to accept plaintiff's offer comprising all of the items listed. Brewer said he was not concerned about the overpayment because plaintiff was a friend, and he desired to buy some additional items from him.

Plaintiff argues that the defendants accepted his April 30th offer by their letter of June 3rd, the accompanying $3,000 check, and the request that the red secretary be included on the contract. We agree.

It is elementary that an agreement based on mutual assent is essential to a valid contract.

The Uniform Commercial Code is applicable here since the alleged contract is for the sale of "goods." *See Hoffman* v. *Horton,* 212 Va. 565, 567, 186 S.E.2d 79, 80 (1972); Code § 8.2-105.

Code § 8.2-207 of the UCC provides, in pertinent part:

"(1) A definite and seasonable expression of acceptance or a written confirmation which is sent within a reasonable time operates as an acceptance even though it states terms additional to or different from those offered or agreed upon, unless acceptance is expressly made conditional on assent to the additional or different terms.

"(2) The additional terms are to be construed as proposals for addition to the contract. . . ."

Here the defendants' letter of June 3rd constituted a definite and seasonable acceptance or written confirmation sent within a reasonable time after receipt of plaintiff's offer to sell. The enclosure of the $3,000 check, the amount due upon acceptance of the contract, and the request to "include the red secretary on the contract," manifested defendants' assent or confirmation of the specific items enumerated in the April 30th letter. The reference to the red secretary was not expressed in language making acceptance conditional upon inclusion of the secretary. This item was merely a proposal for an addition to the contract.

While it is true that defendants did not sign and return one copy of the contract in the manner requested by plaintiff, their

acceptance of the offer by letter was reasonable under the circumstances because they had misplaced the contract and the copy thereof. Moreover, there was no indication by the plaintiff that if the offer was not accepted in the suggested manner it would not be acceptable to him. Section 8.2-206 of the UCC rejects the technical rules of acceptance in providing that "an offer . . . shall be construed as inviting acceptance in any manner and by any medium reasonable in the circumstances." See Virginia Comment, in the footnotes to that Code section.

For the reasons stated, the judgment of the court below is reversed and final judgment in the amount of $5,635 is here entered for the plaintiff.

*Reversed and final judgment.*