481 So.2d 108 (1985)
E.B. KLINE, Appellant,
v.
Joseph M. FINEBERG, et al., Appellees.
No. 85-1066.
District Court of Appeal of Florida, Third District.
December 3, 1985.
Rehearing Denied January 21, 1986.
Greenfield & DuVal and Harvie DuVal, North Miami, for appellant.
Sparber, Shevin, Shapo & Heilbronner and Jeffrey M. Weissman; Katz, Squitero, Linden & Faust; Rosenberg, Reisman & Glass and Robert C. Maland, Miami, for appellees.
Before HENDRY, NESBITT and FERGUSON, JJ.
HENDRY, Judge.
E.B. Kline, plaintiff below, appeals a final order of the trial court confirming a judicial sale of real property to Joseph M. Fineberg, defendant below.
This appeal originated as a result of a Final Judgment of Settlement and a Stipulation Complementary to Final Judgment of Settlement which were entered into by Mr. Kline and Mr. Fineberg and others not parties to this appeal, and approved by the court. Mr. Kline and Mr. Fineberg were general partners of a limited partnership known as Laguna Palms Properties, Inc. Laguna Palms Properties, Inc. was the owner of the Pine Lake Mobile Home Park. Under the terms of the final judgments, the mobile home park was to be sold by the clerk of the circuit court.
The auction was held on May 10, 1985. Both Mr. Kline and Mr. Fineberg bid for the property. Mr. Fineberg made a bid of $4,100,000. The clerk, Vivian Clark, said, "$4,100,000, to Fineberg. Once to Fineberg for $4,100,000, twice to Fineberg for $4,100,000, three times to Fineberg for $4,100,000. Sold to Fineberg." Either before, simultaneous to or after the time Ms. Clark said "sold," Mr. Kline made a bid of $4,200,000. Mr. Fineberg and his attorney objected to Mr. Kline's bid. It was their contention that the sale had been concluded in Mr. Fineberg's favor prior to Mr. Kline's $4,200,000 bid. The officiating clerk, Paul McCarthy, indicated that the sale should continue. More objections were made. Mr. Fineberg's attorney asked the two court reporters present to read back what they had taken down immediately prior to Mr. Kline's bid. One court reporter read, "Sold to Fine  " and the second read, "Sold to Fineberg." Mr. McCarthy then left the auction to consult with his supervisor, Fred Goldstrand. Mr. McCarthy returned to the auction and announced that the sale was closed and Mr. Fineberg, the successful bidder.
Subsequently, Mr. Kline filed objections to the confirmation of sale and moved to continue the sale. A hearing was held on *109 the issue of whether to confirm the sale of the property to Mr. Fineberg. At the hearing the testimony was in dispute as to whether Mr. Kline's bid was timely made so as to prevent the conclusion of the sale of the property to Mr. Fineberg for $4,100,000.[1] Mr. McCarthy testified that he believed Mr. Kline's bid was made simultaneously with Ms. Clark's saying "sold"; hence, his initial decision to continue the sale. However, after hearing what the court reporters said they had taken down, he sought guidance from Mr. Goldstrand, his supervisor. Mr. Goldstrand told him if the word "sold" is completed, then the sale should be concluded. Based upon the court reporters' tapes and Mr. Goldstrand's direction, Mr. McCarthy concluded the sale.[2] The trial court confirmed the sale of the property to Mr. Fineberg.
On appeal Mr. Kline contends the trial court erred in confirming the sale of the property to Mr. Fineberg where the officiating clerk (Mr. McCarthy) believed that Mr. Kline's bid was timely raised. For the reasons that follow, we agree.
The auctioneer possesses a great deal of discretion with respect to the conduct of an auction and the acceptance of bids. Blossom v. Milwaukee & Chicago Railroad Co., 70 U.S. (3 Wall.) 196, 18 L.Ed. 43 (1866); Jones v. Tennessee Valley Authority, 334 F. Supp. 739 (M.D.Fla. 1971); McPherson Bros. Co. v. Okanogan County, 45 Wash. 285, 88 P. 199 (1907). This discretion includes the right either to close bidding or reopen bidding based on whether the auctioneer believes a bid was timely raised. See Sanford v. Sanford, 355 So.2d 365 (Ala. 1978); Hoffman v. Horton, 212 Va. 565, 186 S.E.2d 79 (1972). In the instant case the record shows the officiating clerk believed Mr. Kline's bid was timely raised and he elected to continue the sale.
Accordingly, we find that the sale should have been continued. Our holding is in keeping with the "main purpose of auction sales [which] is to obtain the best financial returns for the owner of the property sold... ." Pitchfork Ranch Co. v. Bar TL, 615 P.2d 541, 547 (Wyo. 1980) (quoting 7A C.J.S. Auctions & Auctioneers § 2 [1980]).
For the foregoing reasons and based upon the authorities cited, the trial court's order confirming the sale is reversed and the cause remanded for proceedings not inconsistent with this opinion.
Reversed and remanded.
NOTES
[1] Joseph M. Fineberg testified that E.B. Kline's bid was made after Vivian Clark said, "sold." Mr. Kline testified that he made the bid either before or simultaneous to the time Ms. Clark said, "sold." Counsel representing another bidder at the auction testified that Mr. Kline's bid was made after Ms. Clark said, "sold."
[2] Neither the court reporters who recorded the auction, nor Vivian Clark or Fred Goldstrand testified at the hearing.