542 So.2d 1002 (1988)
Joseph M. FINEBERG, Individually and As General Partner of Laguna Palms Properties, Ltd., Appellant,
v.
E.B. KLINE, Stanley Kline and Charles H. Snowden, Appellees.
Nos. 87-358, 87-1468, 87-1473, 87-1755 and 87-2013.
District Court of Appeal of Florida, Third District.
March 7, 1988.
Rehearing Denied May 22, 1989.
*1003 Sparber, Shevin, Shapo & Heilbronner, Daniels and Hicks and Bambi G. Blum and Sam Daniels, Miami, for appellant.
Greenfield and DuVal, Leo Greenfield, North Miami, and Paul Morris, Coral Gables, for appellees.
Before NESBITT and FERGUSON, JJ., and VANN, HAROLD R., Associate Judge.

On Motion for Clarification and Rehearing
NESBITT, Judge.
Appellant's motion for rehearing or clarification is granted. We withdraw our opinion filed December 27, 1988 and substitute the following opinion therefor.
Joseph M. Fineberg, forty-nine percent partner in a partnership which owns a mobile home park, claims that his fifty-one percent partners, E.B. Kline and Stanley Kline, were awarded $964,392.81 in improper credits to be used towards a judicial sale of the park. Fineberg avers that these improper awards granted set-off credits to the Klines for: a) new mortgage costs, including attorney and appraisal fees, b) mortgage interest differential payments, c) attorney fees and costs, and d) management fees and related payments. He also argues that the fee awarded the mobile home park's court-appointed receiver was excessive. We will examine each of the claims separately.

Background
As part of a settlement of interests, the parties agreed to a judicial sale of the partnership property, the mobile home park. In Kline v. Fineberg, 481 So.2d 108 (Fla. 3d DCA 1985), review denied, 492 So.2d 1331 (Fla. 1986), this court reversed the first judicial sale to Fineberg due to irregularities in the bidding and remanded for a new sale. At that first sale, Fineberg had successfully bid $4,200,000 for the property. Soon after, he recorded a new mortgage of $6,300,000 at eleven and one-half percent interest. Prior to that sale, the partnership had a mortgage on the property of $2,292,722 at nine and one-half percent interest.
Upon reversal of the first sale, the trial judge entered an order requiring both parties to file pleadings stating all forms of relief and adjustments, or set-off credits, in the partnership's interests to which each claimed entitlement upon resale of the property. These adjustments were necessary to account for debits and credits which accrued subsequent to the vacated sale. See 601 West 26 Corp. v. Equity Capital Co., 178 So.2d 894 (Fla. 3d DCA 1965). As a result of evidentiary hearings held on the issues pled, the Klines were awarded the above-mentioned set-off credits to be used in bidding on the property. Both parties also stipulated to certain credits for claims made by each. At the resale, the Klines bought the park for $10,150,000. Because of the set-off credits awarded, Fineberg was not paid his entire forty-nine percent share of the sale proceeds. In this consolidated case, he appeals the orders awarding the credits at issue as well as the receiver's fee.

I.

New Mortgage Costs and The Interest Differential Payments
After the first judicial sale, Fineberg placed a new mortgage on the property. In anticipation of making a successful bid at that sale, Fineberg had previously obtained an appraisal of the property evaluating it at $10,000,000. He had also employed attorneys to represent him in securing a new mortgage. Upon the reversal of that sale, the Klines petitioned for a declaratory judgment holding them free from *1004 any responsibility for the new mortgage. However, the trial court approved the new mortgage and later granted the Klines' motion to withdraw from the escrow account an amount equal to that previously withdrawn by Fineberg; this amounted to $1,204,572.12 which was paid to them on July 31, 1986.
Then on October 14, 1986, the trial court held a hearing where it ruled favorably on the Klines' claim that they were entitled to an adjustment for the increased operating expenses on the property due to the new mortgage debt. The court held that the Klines were entitled to mortgage interest differential credits from May 13, 1985 (date the new mortgage was entered into) to the date of the hearing in the amount of $318,923.40. Fineberg appealed this award asserting that the Klines were not entitled to any interest differential from the new mortgage. While that appeal was pending, the Klines asked this court to relinquish its jurisdiction so that the trial court could assess receiver's fees, costs, and attorney fees, as well as award additional interest damages incurred after October 14, 1986. This court granted the Klines' motion except as it applied to the award of additional interest damages. Nevertheless, in derogation of this court's order, the trial judge later awarded the Klines an additional $179,850 set-off credit for the mortgage interest differential from October 14, 1986 through June 25, 1987. We hold that both the award of $318,923.40 and that of $179,850 were erroneous.
Based on equitable principles, once a party accepts the proceeds and benefits of a contract, that party is estopped from renouncing the burdens the contract places upon him. See United Chemicals, Inc. v. Welch, 460 So.2d 540 (Fla. 1st DCA 1984); C.Q. Farms, Inc. v. Cargill Inc., 363 So.2d 379 (Fla. 1st DCA 1978); Scocozzo v. General Dev. Corp., 191 So.2d 572 (Fla. 4th DCA 1966); see also 22 Fla.Jur.2d Estoppel and Waiver § 69 (1980). In this case, the Klines accepted interest payments on their portion of the new mortgage's escrow from the date the mortgage was placed until the date they drew down their pro-rata share of that escrow. Furthermore, they stipulated to $16,000 in attorney's fees for obtaining the mortgage. These acts by the Klines and the fact that the trial court validated the mortgage, thus legally establishing it as a partnership debt, estop appellees from receiving any interest differential credit.
As to the $6,500 in appraisal fees incurred prior to obtaining the new mortgage, the trial judge refused to recognize that fee as a legitimate partnership expense on the basis that the appraisal had not been made available to the Klines. He thus granted them its sum as a bidding credit. This was error based on the same equitable principles cited above. Appellees would equitably be responsible for the appraisal fee since the end result was their acceptance of the benefits of the new mortgage.
On the other hand, the alleged $62,000 in attorney fees incurred in securing the new mortgage are not completely chargeable to partnership accounts. The Klines stipulated to closing costs of $16,000. The trial court then granted appellees a set-off credit of $46,000 based on its finding that this remainder of the $62,000 in attorney fees was for work Fineberg's attorneys performed which was for Fineberg's personal benefit and which was unrelated to obtaining the new mortgage. Based on the record, this holding was not error. Evidence presented on this point included a letter submitted to Fineberg by his attorneys which lists sums owed for work the firm did in acquiring the new mortgage; however, the letter also lists fees due for other services which could be found to have been for the personal benefit of Fineberg. Based on the credibility of the witnesses and the substance of this letter, it was entirely within the trial judge's province to find that the sum of $46,000 was paid for work done for Fineberg personally. Consequently, the award of that set-off credit to the Klines was proper.

*1005 II.

The Award of Attorney Fees and Costs
The settlement agreement, pursuant to which the partners involved in this suit and others agreed to a judicial sale of the partnership property, required each party to bear his own litigation expenses in connection with the settlement proceedings. The matters involved in this appeal are related to that original settlement. Nevertheless, the trial court awarded the Klines $225,750 in special credits for their attorney fees as well as a $12,785.41 cost judgment. This award was based on findings that a) Fineberg had acted in bad faith in managing partnership funds during the four months from the time this court reversed the first judicial sale until the trial court appointed a receiver to manage the park; b) Fineberg's claim for a credit of $3,000,000 due to the alleged increase in value of the park during the time he managed it was frivolous pursuant to section 57.105, Florida Statutes (1985); and c) Kline had recovered assets for the benefit of the partnership incident to an accounting and thus was entitled to the award.
We consider none of these findings to be persuasive or warrant such an award for the following briefly stated reasons. First, even assuming that Fineberg, upon reversal of the first sale, "exercised substantial liberties in the handling of the partnership funds" as the trial court found, there is no basis in statute or case law which would warrant an award of attorney fees and costs based on a partner's failure to fulfill his duties to his copartners. See, e.g., Martha A. Gottfried, Inc. v. Amster, 511 So.2d 595, 600 (Fla. 4th DCA 1987); Department of Revenue of State v. Arga Co., 420 So.2d 323 (Fla. 4th DCA 1982), review denied, 434 So.2d 886 (Fla. 1983).
Second, the attorney fee award pursuant to section 57.105 was improper because that statute requires "a complete absence of a justiciable issue of either law or fact raised by the complaint or defense of the losing party." See Muckenfuss v. Deltona Corp., 508 So.2d 340 (Fla. 1987) (lower court erred in awarding attorney fees even though a substantial portion of the suit was meritless since justiciable issues were present). Such was not the case here; Fineberg did prevail on two of the three claims he raised. The fact that one or both of his valid claims may have been resolved by stipulations with the Klines and thus were not contested at the evidentiary hearing does not negate the equally material fact that valid claims were placed at issue.
Third, it was error to base the award of attorney fees and costs on the finding that the Klines had recovered partnership assets incident to an accounting. As previously stated, the parties' settlement agreement called for each party to pay his own fees and costs to settle and dissolve the partnership. Even though an assessment of attorney fees is proper where a partner is forced to bring suit for dissolution and accounting, A.J. Richey Corp. v. Garvey, 132 Fla. 602, 182 So. 216 (1938); Balzam v. Cohen, 427 So.2d 329 (Fla. 3d DCA 1983), such was not the case here. The parties had agreed to the dissolution and the judicial sale was to be held in order to facilitate that dissolution. When this court overturned the first sale, the necessity for making adjustments to partner entitlements then became a matter for the trial court to carry out in accordance with its role of realigning the rights and obligations of the parties preliminary to the second judicial sale.

III.

The Award of Management Fees
The trial court awarded the Klines $174,584 in credit to equalize the amount which Fineberg drew in management fees and related payments made from partnership funds during his control of the park. There was substantial, competent evidence to support the trial court's finding that, regardless of whether he attended to the business or not, each general partner was to receive a like draw from the $75,000 per year which the partnership agreement allocated for management fees. Nevertheless, the set-off credit awarded as a result of this finding was erroneous.
*1006 During his tenure, Fineberg took $81,790 as his partnership draw plus $5,502 for social security insurance payments. According to the agreement, the entire partnership draw was to be $75,000 split among the three general partners. From the $75,000 fee, Fineberg was entitled to $25,000. Therefore, the Klines are entitled to a set-off credit of $50,000 plus appropriate interest to be determined by the trial judge. Furthermore, over and above taking the entire $75,000 management fee for himself, Fineberg took an additional $12,292. He must return this sum with appropriate interest, again to be set by the trial judge, to the partnership coffers so that it may be distributed among the partners according to their corresponding percentage interests in the partnership upon a final accounting.

IV.

The Receiver's Fees
Finally, Fineberg appeals the $84,000 fee awarded to the court appointed receiver. The receiver, Charles H. Snowden, was appointed based on findings that "the personality differences between the parties are such that beneficial co-possession and management cannot be achieved" and that "neither party shall approve of the other being in sole possession and management of the property." In addition to Receiver Snowden, an attorney and an accountant were appointed and paid separate fees. Snowden supervised the operation of the multi-million dollar park occupied by some 500 tenants for approximately ten months.
Fineberg claims that the fee awarded Snowden is excessive and unsupported by the record. We disagree. It is within the trial judge's discretion to set an appropriate fee based on the circumstances of the case. See 44 Fla.Jur.2d Receivers § 47 (1984). Having studied the record before us, we cannot say that the trial judge abused his discretion in making the award that he did. Feemster v. Schurkman, 291 So.2d 622, 630 (Fla. 3d DCA 1974); Johnson v. Kruglak, 246 So.2d 617 (Fla. 3d DCA 1971).

Conclusion
In summary, as to issue one, we reverse the trial court orders granting $498,773.40 in mortgage interest differential credits and $6,500 in appraisal fees. However, we affirm the credit of $46,000 in attorney fees. As to issue two, we reverse the award of $225,750 in attorney fees and the $12,785.41 cost judgment. Regarding issue three, we affirm the right to equalization of management fees; however, the proper amount of set-off credit and sums due the partnership should be set as determined herein. As to issue four, we affirm the order awarding $84,000 in receiver's fees.
Accordingly, the trial court is to award Fineberg a money judgment in the amounts set forth herein. Fineberg is entitled to legal interest due him from the date the funds were wrongfully denied him, i.e., from the date he should have been paid the amounts awarded herein as part of his forty-nine percent partnership share.
Affirmed in part, reversed in part, and remanded for further proceedings.