[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14566
Non-Argument Calendar
_____

D.C. Docket No. 9:12-cv-80263-KLR


CURTIS SHERROD,

                                                      Plaintiff - Appellant,

                              versus

THE SCHOOL BOARD OF PALM BEACH COUNTY,

                                                      Defendant - Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 23, 2013)

Before HULL, KRAVITCH and ANDERSON, Circuit Judges.

PER CURIAM:

Curtis Sherrod, proceeding *pro se*, appeals the dismissal of his lawsuit

against his former employer, the School Board of Palm Beach County, Florida (the

Board), and the district judge's refusal to recuse from the case.  Because the district judge was not required to recuse and Sherrod's claims are barred by the terms of a settlement agreement he signed with the Board, we affirm.

After several years of litigation over his termination, Sherrod filed a lawsuit against the Board in 2007 claiming he was retaliated against for exercising his rights under the First Amendment to the United States Constitution.   That suit culminated in a settlement agreement between the parties, which Sherrod signed on January 25, 2008.  In exchange for $272,425, Sherrod agreed to:

> [R]elease, acquit, satisfy and forever discharge the School [Board] . . . from any and all . . . claims of employment discrimination, claims of retaliation, [and] . . . any claims under Section 1981 through 1988 of Title 42 of the United States Code . . . which Curtis Sherrod, now has, or hereafter can, shall or may have against the School [Board] for reason of any matter. . . including, but not limited to, any and all matters arising out of or even arguably involving employment with the School District, as well as issues involving the negotiation and execution of this Agreement.

Sherrod also agreed "not to initiate or pursue any other actions related, either directly or indirectly, to his employment with the School District," beyond the case that was then pending.

Notwithstanding this agreement, Sherrod, a black male, filed this action alleging the Board violated his rights under 42 U.S.C. § 1981 by entering into a more favorable settlement agreement with a white male, Dr. Thomas Elfers, who had also sued the Board alleging First Amendment violations.  Specifically, he claimed the School Board had ignored his $300,000 settlement offer (before

2

ultimately settling for $272,425), but had offered Dr. Elfers $490.000.  The Board moved to dismiss Sherrod's claims, asserting they were barred by the settlement agreement he signed, which the Board attached to the motion.  Sherrod responded and shortly thereafter filed a motion claiming the district judge had to recuse because he had a demonstrated "blind spot" to civil-rights claims.  The district court denied Sherrod's motion for recusal and granted the Board's motion to dismiss, finding that Sherrod's claims were barred by the plain language of the settlement agreement he signed in his prior action.  This is Sherrod's appeal.

We review *de novo* the dismissal of a complaint for failure to state a claim upon which relief may be granted, accepting the allegations as true and considering them in the light most favorable to the plaintiff.  *Starship Enters. of Atlanta v. Coweta Cnty., Ga.*, 708 F.3d 1243, 1252 (11th Cir. 2013).  Generally, we look only to the allegations contained in a complaint to decide if it states a viable claim.  But we may also consider a document attached to a motion to dismiss if it is "central to the plaintiff's claim," and its authenticity is not challenged.  *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).  We also construe a settlement agreement *de novo*, applying Florida contract law in this case.  *Schwartz v. Fla. Bd. of Regents*, 807 F.2d 901, 905 (11th Cir. 1987).  Under Florida law, "[w]ords in a contract are to be given their plain and ordinary meaning, and it is not for the court to add or subtract any language from the face of a clearly worded agreement."  *Id.*

"[O]nce a party accepts the proceeds and benefits of a contract, that party is estopped from renouncing the burdens the contract places upon him."  *Fineberg v. Kline*, 542 So. 2d 1002, 1004 (Fla. Dist. Ct. App. 1988).

After reviewing its terms, we agree with the district court's conclusion that the settlement agreement Sherrod signed bars the claims he makes in this action. In exchange for consideration, Sherrod released the Board from liability for any claims against it, including those under 42 U.S.C. § 1981 and those involving the "the negotiation and execution of" the agreement itself.  Moreover, Sherrod does not contest that he has accepted the benefits he was due under the contract.  Thus, under Florida law, he is "estopped from renouncing" his part of the bargain — forgoing further litigation relating to his employment with the Board and the claims that arose from its termination, save those that were ongoing when the settlement was inked.[1]  *Fineberg*, 542 So. 2d at 1004.

Despite this, Sherrod raises two arguments.  First, he contends the Board is in breach of the express or implied terms of the agreement, and second he argues the agreement is void ad initio because the disparity with Dr. Elfers's settlement

---

[1] Sherrod claimed in his complaint (but not as part of the allegedly illegal conduct forming the single count in his complaint) and in his brief on appeal that the Board interfered with his continuing employment before he entered into the settlement agreement. He also now speculates that the Board's actions "may have very well played a significant role" in his suspension from a job in 2009.  But Sherrod fails to explain why we should not consider these claims barred by the settlement agreement.  And he did not present either of them to the district court in response to the Board's motion to dismiss, so we do not consider them further.  *See Ramirez v. Sec'y, U.S. Dept. of Transp.*, 686 F.3d 1239, 1249 (11th Cir. 2012) ("It is well-settled that we will generally refuse to consider arguments raised for the first time on appeal.").

4

agreement makes it illegal. But we have no occasion to review this contention. Nowhere in Sherrod's complaint, the dismissal of which we are reviewing, did he allude to any breach. And he did not raise the argument in his response to the Board's motion to dismiss. He raised it only in a motion to reconsider the dismissal of his complaint. The denial of *that* motion is not properly before us because it occurred after Sherrod's notice of appeal and Sherrod did not amend the notice (or file a new one) to include it. *See* Fed. R. App. 3(c)(1)(B) (requiring the notice of appeal to "designate the judgment, order, or part thereof being appealed"); *Weatherly v. Ala. State Univ.*, No. 12-13414, — F.3d — , 2013 WL 4712727, at *6 (11th Cir. Sept. 3, 2013) (reiterating that a party must file a new or amended notice of appeal to seek review of a judgment rendered after it has already filed a notice of appeal). And, in any event, Sherrod concedes he knew of the actions he claims on appeal constituted breach before he filed his complaint, but provides us no explanation why he mentioned them for the first time only after the district court had granted the Board's motion to dismiss. *See Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010) ("A motion for reconsideration cannot be used to . . . raise argument . . . that could have been raised prior to the entry of judgment." (internal quotation marks omitted)). Thus, whether the Board is in breach of the settlement agreement is a question for another day.

5

Nor does Sherrod's contention that the settlement agreement is void persuade us that the district court improperly dismissed his complaint.  Sherrod accepted the consideration the Board offered under the agreement, so Florida law dictates that he is estopped from taking back what he gave in return.  *Fineberg*, 542 So. 2d at 1004.  And Sherrod presents no legal authority upon which we could permit him to escape the release he agreed to simply because he claims the Board offered an employee of a different race a larger settlement sum.  Indeed, in the settlement, Sherrod specifically gave up the right to assert any claim under 42 U.S.C. § 1981 relating to the agreement's execution.  Having voluntarily entered into such an agreement, Sherrod cannot now assert § 1981 gives him a cause of action against the Board based on actions it took before and in relation to settling with him.

Finally, the district judge did not abuse his discretion in deciding not to recuse.[2]  The only bases for recusal Sherrod identified in the district court or in his briefing on appeal are rulings the district court made in this case and others.[3]  But, as the Supreme Court has admonished, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  *Liteky v. United States*,

---

[2] *See Draper v. Reynolds*, 369 F.3d 1270, 1274 (11th Cir. 2004) ("We review for an abuse of discretion the district court's denial of a recusal motion.").

[3] Construing it liberally, we presume Sherrod founded his recusal motion on 28 U.S.C. § 455 because he did not file the affidavit that must accompany a motion filed under 28 U.S.C. § 144.

510 U.S. 540, 555 (1994). Nothing Sherrod refers us to on appeal could justify deviation from that general principle.

For the foregoing reasons, we affirm the district judge's decision not to recuse and the dismissal of Sherrod's complaint for failure to state a claim because his only claim was barred by the settlement agreement he signed.

**AFFIRMED**.