# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Wells Fargo Bank, N.A.          :
                               :
          v.                    : No. 1754 C.D. 2017
                               : Argued:  December 13, 2018
Dwain Sheffler                  :
and Carol Sheffler              :
                               :
Appeal of: Bernadette Dabler    :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                   FILED:  March 5, 2019


Bernadette Dabler (Dabler) appeals the order of the Court of Common Pleas of the Thirty-Ninth Judicial District, Franklin County Branch (trial court) granting the petition of Barkdoll Martin Homes, LLC (Barkdoll Martin) to set aside the sheriff's sale of the property at 1971 Ashley Drive, Chambersburg, Pennsylvania, 17201 (Property); dismissing Dabler's petition to strike Barkdoll Martin's petition; and ordering that Barkdoll Martin is the successful purchaser of the Property sold at the sheriff's sale for $101,500.00.  We reverse.

On August 5, 2016, Wells Fargo Bank, N.A. (Wells Fargo) filed a Complaint in Mortgage Foreclosure against the Property due to non-payment of the mortgage by Dwain Sheffler and Carol Sheffler (Shefflers), mortgagees of the

Property.  Reproduced Record (R.R.) at 4a-13a.  On October 3, 2016, Wells Fargo filed a Praecipe for In Rem Judgment against the Shefflers based on their failure to file an answer to Wells Fargo's Complaint and for foreclosure and sale of the Property. *Id.* at 14a.

On March 10, 2017, a sheriff's sale was conducted by the Franklin County Sheriff (Sheriff) due to the In Rem Judgment and Writ of Execution obtained by Wells Fargo.  Ronald Martin (Martin), a representative of Barkdoll Martin, was a bidder for the Property as was Matthew Hurley (Hurley).  After bidding took place between Martin and Hurley, the Property was declared by the auctioneer to be sold to Barkdoll Martin for $101,500.00.  Dabler was not an active bidder up to that point in the auction.  Immediately after the Property was declared sold, Dabler informed the auctioneer that he had missed her bid. The auctioneer then reopened the bidding, but Martin refused to outbid Dabler because he believed that the Property had already been sold to Barkdoll Martin.  After Dabler bid $102,000, the auctioneer declared the Property "sold" to Dabler.

On April 10, 2017, Barkdoll Martin filed a Petition to Set Aside Sheriff Sale in the trial court pursuant to Pa. R.C.P. No. 3132,[1] asking the court to enter a rule on the Sheriff and/or Dabler, as the putative successful purchaser of the Property, to show cause why the Sheriff should not be required to convey fee simple title to the Property to Barkdoll Martin.  *See* R.R. at 30a-32a.  The petition was filed in the above-captioned Wells Fargo foreclosure action against the

---

[1] Pa. R.C.P. No. 3132 states, in relevant part:

> Upon petition of any party in interest before delivery of the . . . sheriff's deed to real property, the court may, upon proper cause shown, set aside the sale and order a resale or enter any other order which may be just and proper under the circumstances.

Shefflers in which neither Barkdoll Martin, the Sheriff, nor Dabler was a party. On April 13, 2017, the trial court issued a Rule to Show Cause on the Sheriff and/or Dabler as to why Barkdoll Martin was not entitled to the requested relief.

On May 4, 2017, Dabler filed a petition to strike Barkdoll Martin's petition and the Rule to Show Cause. *See* R.R. at 33a-37a. Dabler asserted that the auctioneer properly exercised his discretion to reopen the bidding because her $102,000.00 bid was timely made before the fall of the hammer on Martin's lower bid.[2] *Id.* at 35a-36a. Dabler also asserted: (1) neither Martin nor Barkdoll Martin is a party to this foreclosure action; (2) neither Martin nor Barkdoll Martin has any interest in the Property and neither is a "party in interest" under Pa. R.C.P. No. 3132; (3) neither Martin nor Barkdoll Martin has standing to intervene in this matter and neither has sought to intervene[3]; and (4) neither the Sheriff nor Dabler is a party to the matter and neither has been joined in the matter.

---

[2] *See* Section 2328(b) of the Uniform Commercial Code (U.C.C.), 13 Pa. C.S. §2328(b) ("A sale by auction is complete when the auctioneer so announces by the fall of the hammer or in other customary manner. Where a bid is made while the hammer is falling in acceptance of a prior bid the auctioneer may in his discretion reopen the bidding or declare the goods sold under the bid on which the hammer was falling."); *Hoffman v. Horton*, 186 S.E.2d 79, 80 (Va. 1972) (holding that an auctioneer has the discretion to reopen the bidding to recognize a competing bid that was tendered prior to the fall of the hammer); *Kline v. Feinberg*, 481 So. 2d 108, 109 (Fla. Dist. Ct. App. 1986) (same). *See also Callimanopulos v. Christie's, Inc.*, 621 F. Supp. 2d 127, 130-31 (S.D.N.Y. 2009) (same); *Ragusa v. Greco*, 131 So. 849, 850 (La. 1930) (same).

[3] *See* Pa. R.C.P. No. 2327(2) ("At any time during the pendency of an action, a person not a party thereto shall be permitted to intervene therein . . . if . . . such person is so situated as to be adversely affected by a distribution or other disposition of property in the custody of the court or of an officer thereof[.]"); Pa. R.C.P. No. 2328(a) ("Application for leave to intervene shall be made by a petition in the form of and verified in the manner of a plaintiff's initial pleading in a civil action, setting forth the ground on which intervention is sought and a statement of the relief or the defense which the petitioner desires to demand or assert."); Pa. R.C.P. No. 2330(a) ("After the entry of an order allowing intervention, the intervener shall have all the rights and liabilities of a party to the action.").

3

*Id.* at 36a. As a result, Dabler asked the trial court to issue a Rule to Show Cause Why the Petition to Set Aside and the court's prior Rule to Show Cause should not be stricken; to strike the prior Rule to Show Cause; and to award costs, attorney fees, and other appropriate relief. *Id.* Barkdoll Martin filed a response as directed by the trial court and a hearing was conducted.

At the September 18, 2017 hearing, a tape of the March 10, 2017 auction was admitted into evidence and played for the court. R.R. at 77a. Additionally, Marvin Amsley (Amsley), the auctioneer, testified that he knocked the Property down to Martin after nobody else bid and that he did not see anyone else trying to bid prior to knocking it down to Martin. *Id.* at 61a. He stated that he did not ever see Dabler wave her card, but that Deputy Sheriff Brian Cramer (Cramer) called Amsley's attention to the fact that someone else was trying to bid. *Id.* at 61a, 62a, 65a. Amsley testified that, as a result, he opened the auction up between two bids at that point over Martin's protests and recognized Dabler's bid of $102,000.00. *Id.* at 62a, 65a-66a.

Cramer testified that he did not see or hear Dabler's bidding prior to Amsley's knocking down on Martin's bid. R.R. at 69a-70a. Martin stated that he had bid $101,500.00 when it was knocked down to him, and that he was not aware that Dabler was bidding in front of him. *Id.* at 79a-80a. He stated that he told the auctioneer that it had been knocked down to him and that it was sold when he became aware of Dabler's bid. *Id.* at 80a. Hurley testified that he was seated directly behind Dabler and saw her bidding, but that Amsley apparently did not see her bidding. *Id.* at 84a-86a.

Bryce Pugh testified that he is a real estate investor who accompanied Dabler to the auction and sat next to her to "coach" her during the auction. R.R. at

4

98a-99a. He stated that an auctioneer has to see a bidder to recognize a bid and, "Sometimes I do have to be very demonstrative in order for the auctioneer to see me." *Id.* at 103a-104a. He testified that Dabler's $102,000.00 bid was made before Amsley said that the Property was sold to Martin, but that Amsley obviously did not see Dabler. *Id.* at 101a.

Nevin Rentzel testified as an expert regarding the rules and customary practices of the sale of real estate by auction. R.R. at 112a-120a. He stated that after Amsley said, "sold" to Martin, it is not typically within Amsley's discretion to let Martin out of that bid. *Id.* at 116a. He testified that it is up to the bidder to be seen, but it is the auctioneer's responsibility working on the seller's behalf not to miss any bids. *Id.* at 117a.

On October 20, 2017, the trial court issued an order granting Barkdoll Martin's Petition to Set Aside Sheriff's Sale of the Property to Dabler; dismissing Dabler's petition to strike Barkdoll Martin's petition to set aside the sale and issue the rule; and ordering that Barkdoll Martin is the successful purchaser of the Property. Dabler now appeals.[4, 5]

---

[4] The matter was initially remanded to the trial court to dispose of outstanding post-trial motions. On January 18, 2018, the trial court denied the post-trial motions; judgment was entered on January 23, 2018; and on January 30, 2018, Dabler filed a second notice of appeal at the same docket number of the appeal in this Court. By February 28, 2018 Memorandum Opinion and Order, this Court denied Barkdoll Martin's application to vacate the trial court's stay pending disposition of the instant appeal that was granted in Dabler's favor, but conditioned continuation of the stay upon Dabler's filing of security in the amount of $100,000.00 pursuant to Pa. R.A.P. 1733(a). By August 8, 2018 Memorandum Opinion and Order, we denied Barkdoll Martin's application to quash Dabler's appeal.

[5] "Equitable considerations govern the trial court's decision to set aside a sheriff's sale, and this Court will not reverse the trial court's decision absent an abuse of discretion. An abuse of discretion occurs where, for example, the trial court misapplies the law." *Nationstar Mortgage, LLC v. Lark*, 73 A.3d 1265, 1267 (Pa. Super. 2013) (citations omitted).

In this appeal, Dabler first claims that the trial court erred in permitting Barkdoll Martin to prosecute its Petition to Set Aside Sheriff's Sale and issuing the Rule to Show Cause in the instant foreclosure action initiated by Wells Fargo against the Shefflers.[6]  We agree.

---

[6] In the October 23, 2017 Opinion filed in support of its order, the trial court rejected Dabler's claim that Barkdoll Martin did not properly initiate the instant proceeding as a "party in interest" under Pa. R.C.P. No. 3132:

> In the instant matter, it is uncontested that [Barkdoll Martin] was the original successful bidding party upon whom the property was "knocked down."  The evidence revealed that it is at this moment of knocking down and the announcement of the sale that [Barkdoll Martin] became bound to the sale and was no longer permitted to retract [its] bid. [R.R. at 116a].  As the Auctioneer proceeded to reopen the bidding, under protest by [Barkdoll Martin], and a subsequent bidder was also announced as the successful bidder, it is unquestionable to this Court that [Barkdoll Martin] has a legally sufficient interest to contest the Auctioneer's action of reopening the bidding and announcing a different purchaser of the property.  Stated another way, this Court finds that [Barkdoll Martin] is an interested party and has standing to bring the current action, i.e. [Barkdoll Martin] has a substantial, direct, and immediate interest in the outcome of this case.

> * * *

> Further, [Dabler] contends that [Barkdoll Martin] did not intervene as a party pursuant to Pa. R.C.P. [Nos.] 2327 and 2328, respectively.  While this Court agrees that [Barkdoll Martin] did not intervene as a party to this matter, this Court is effectively disregarding the procedural defect, pursuant to Pa. R.C.P. [No.] 126, [ ]as all the parties with interest in the present matter have appeared timely and have fully litigated the matter.  Thus, no party's substantial interests are affected by such action and this action is not prejudicial to any party.

R.R. at 157a-158a.

**(Footnote continued on next page…)**

6

As this Court has explained:

> Section [102] of the Judicial Code, 42 Pa. C.S. §102, defines a "party" as follows:
>
> > A person who commences or against whom relief is sought in a matter. The term includes counsel for such a person who is represented by counsel.
>
> In *Gilbert v. Thomson*, 7 Pa. D.&C.2d 593 (1956), it is stated:
>
> > Everyone whose name appears in the caption of the praecipe for writ of summons or complaint is

---

**(continued…)**

On the merits, the trial court also determined that the petition to set aside should be granted:

> Ultimately, a petition to set aside a sheriff's sale is grounded in equitable principles. *See M & T Mortgage Corp. v. Keesler*, 826 A.2d 877 (Pa. Super. 2003); *Kaib v. Smith*, 684 A.2d 630 (Pa. Super. 1996). Courts have set aside sheriff's sales "where the validity of the sale proceedings is challenged, a deficiency pertaining to the notice of the sale exists, or where misconduct occurs in the bidding process." *Irwin Union Nat. Bank & Tr. Co. v. Famous*, 4 A.3d 1099, 1102 (Pa. Super. 2010) (citing *Blue Ball National Bank v. Balmer*, 810 A.2d 164, 167 (Pa. Super. 2002)). As such, this Court finds that [Dabler] did not meet the customary practice of ensuring her bid was communicated to the Auctioneer. The Court further finds that the Auctioneer should not have reopened the bidding after knocking down the property and announcing the sale, thereby binding [Barkdoll Martin]. Therefore, the Court finds that misconduct has occurred in the bidding process. The Court accordingly finds that [Barkdoll Martin] has shown just and proper cause to set aside the sale. *See generally Merrill Lynch Mortg. Capital v. Steele*, 859 A.2d 788 (Pa. Super. 2004).

R.R. at 161a.

7

not necessarily a *party to the action*. "Parties to an action are those who are named as such in the record *and are properly served with process* or enter an appearance . . . ." (Emphasis in original).

In *Walker v. City of Philadelphia*, [45 A. 657 (Pa. 1900) (citation omitted)], it was held:

> "Parties in the larger legal sense are all persons having a right to control the proceedings, to make defense, to adduce and cross-examine witnesses, and to appeal from the decision if any appeal lies."

*See also Gilbert*.

Pa. R.C.P. No. 1018, as herein relevant, states: "Every pleading shall contain a caption . . . . The caption of a complaint shall set forth . . . the names of all the parties [. . . ."]

It is crystal clear from the foregoing cases, treatises cited therein, the rules of civil procedure, and the absence of case law, that one, who is not a named party to an action, be it an individual action or a class action prior to its certification, cannot become a party to an action by the simple expedience of walking into the office of the prothonotary and filing his appearance in any one or more of the multitude of open actions on file.

Neither of the [appellants] commenced this action in equity as a class action; neither are named as a party in the caption of the complaint; neither has a right to control the within proceedings, nor adduce and cross-examine witnesses, nor file an appeal, if any lies; neither did they seek to intervene in this action pursuant to Rule 2326 *et seq*. Since the [appellants] were not parties to the within action, there being no certification of the within action, the trial court did not acquire *in personam* jurisdiction over them by the mere entry of their appearance. The fact that neither the trial court nor any of the representative parties nor [the defendant] objected to the [appellants'] appearance and [the defendant] responded to their "Motion to Require Notice of Proposed

8

Settlement or Discontinuance," and the trial court ruled thereon, does not make the [appellants] a party to the class action so as to give the trial court *in personam* jurisdiction over them . . . .

*Silver Spring Township v. Pennsy Supply, Inc.*, 613 A.2d 108, 110-111 (Pa. Cmwlth. 1992) (footnote omitted).[7]

Because neither Barkdoll Martin, the Sheriff, nor Dabler were parties to the above-captioned mortgage foreclosure action in the trial court and did not seek intervention in that matter, the trial court erroneously denied Dabler's Petition to Strike Petition to Set Aside Sheriff's Sale and Rule to Show Cause,[8] and erroneously granted Barkdoll Martin's Petition to Set Aside Sheriff's Sale that was filed in this mortgage foreclosure action. *See, e.g.*, *Harkovich v. Pfirrmann*, 627 A.2d 776, 779 (Pa. Super. 1993) ("The lack of *in personam* jurisdiction over the

---

[7] *See also Engle v. Beaver County*, 754 A.2d 729, 732 (Pa. Cmwlth. 2000) (holding that a former stranger to an action is not permitted to insert himself into proceedings at the trial level or on appeal through a voluntary substitution by claiming that he has a similar interest or that he could have pursued a similar action in his own right); *In re Estate of Geniviva*, 675 A.2d 306, 309-10 (Pa. Super. 1996) (holding that an individual does not become a party to an action merely by filing a brief in support of the exceptions to a decree nisi and appearance at oral argument on the exceptions); *Liles v. Balmer*, 653 A.2d 1237, 1239 n.1 (Pa. Super. 1994) (holding that an individual whose name was added to the caption on a motion for reconsideration was not a party to the action where he was not named in the complaint, not a direct participant in the trial court proceedings, and he did not seek permission to intervene as a party at any time during the proceedings).

[8] Likewise, the trial court's error regarding the issuance of the Rule to Show Cause on the Sheriff and/or Dabler is manifest. Proceedings by rule to show cause may be had where authorized by statute, as auxiliary for facilitation of jurisdiction already had, or as a means of correcting the court's own records. *Flaherty v. Burke*, 515 A.2d 365, 366 (Pa. Cmwlth. 1986). Thus, a trial court should discharge a rule if it determines that it does not have jurisdiction over either the subject matter or the respondent. *Schuettler v. Maurer*, 46 A.2d 586, 588 (Pa. Super. 1946). As repeatedly stated above, neither Barkdoll Martin, the Sheriff, nor Dabler were parties in the above-captioned mortgage foreclosure action in which the instant Rule to Show Cause was issued.

9

plaintiffs with respect to the relief sought by the defendant in his counterclaim in this case renders the judgment against the plaintiffs absolutely void and a nullity. It also precludes the award of a new trial.") (citation omitted).

Accordingly, the trial court's order is reversed.[9]

 

 

_____
MICHAEL H. WOJCIK, Judge

 

Judge Fizzano Cannon did not participate in the decision of this case.

---

[9] Based on our disposition of this issue, we will not reach the remaining appellate claims.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Wells Fargo Bank, N.A. | : | |
| | : | |
| v. | : | No. 1754 C.D. 2017 |
| | : | |
| Dwain Sheffler | : | |
| and Carol Sheffler | : | |
| | : | |
| Appeal of: Bernadette Dabler | : | |

# **O R D E R**

AND NOW, this 5th day of March, 2019, the order of the Court of Common Pleas of the Thirty-Ninth Judicial District, Franklin County Branch, dated October 20, 2017, is REVERSED.

_____
MICHAEL H. WOJCIK, Judge