# Walker *v.* City of Philadelphia.

*Practice—Parties to an action.*

Parties in the larger legal sense are all persons having a right to control the proceedings, to make defense, to adduce and cross-examine witnesses and to appeal from the decision, if any appeal lies.

*Practice—Parties—Record—Husband and wife—Negligence.*

The right of action of a wife for a wrong done to her is her separate property, by virtue of the Act of June 3, 1887, P. L. 332, and her husband cannot control or interfere with the conduct of the suit or appeal from the result.

Where a wife with her husband, naming him, but as plaintiff in her right has recovered a verdict and judgment for personal injuries, the husband cannot in a second suit to recover for loss of his wife's services by reason of the same injuries, introduce in evidence as conclusive of the defendant's negligence, the record of the prior suit. The record of the wife's action is res inter alios acta, and so far from being conclusive evidence of the city's negligence, is not admissible at all. The husband was not in fact a party to the prior action, his joinder therein being merely formal.

*Res adjudicata—Parties—Judgment.*

No party is, as a general rule, bound in a subsequent proceeding by a judgment, unless the adverse party, now seeking to secure the benefit of the former adjudication, would have been prejudiced by it if it had been determined the other way. In order to come within the rule of res adjudicata, the first judgment must have been binding on both parties to the second action.

*Negligence—Damages—Evidence—Daughter's services as nurse.*

In an action by a husband to recover damages for injuries to his wife, it is error to permit the plaintiff's daughter to testify to what she was earning in her employment as a dressmaker, which she gave up to wait on her mother after the injury. The measure of compensation for which the defendant may be liable in such a case is the ordinary wages of such attendance.

*Negligence—Husband and wife—Discontinuance—Statute of limitation.*

A wife having obtained a verdict against a municipality for personal injuries, a settlement was effected, by which the city withdrew its motion for a new trial. As part of the consideration for prompt payment without further contest, the husband's right of action was barred by the issue of a writ and its discontinuance and settlement of record. The court subsequently on petition struck off the discontinuance and permitted the husband to proceed with his suit. *Held,* that he could not maintain his action ; first, because if he authorized the suit which was discontinued, he was bound by the discontinuance and settlement of it, as part of the settlement of the suit of his wife ; second, because if he did not authorize

it, then no suit was brought within the period of limitation, and the court by striking off the discontinuance could not permit him to authorize or ratify it nunc pro tunc, after the statute had closed upon his right of action.

Argued Jan. 24, 1900. Appeal, No. 442, Jan. T., 1899, by defendant, in suit of John W. Walker v. City of Philadelphia, from judgment of C. P. No. 3, Phila. Co., March T., 1895, No. 262, on verdict for plaintiff. Before McCollum, Mitchell, Fell, Brown and Mestrezat, JJ. Reversed.

Trespass to recover damages for loss of wife's services. Befor McCarthy, J.

At the trial plaintiff's counsel made the following offer: Mr. Mackey: I offer in evidence the whole record of the case of John W. Walker and Mary Walker, his wife, in right of the said Mary Walker, against the city of Philadelphia, C. P. No. 3, June term, 1894, No. 76, to be followed by proof that John W. Walker, the present plaintiff, is the husband of Mary Walker, who was the plaintiff in this action, and that the right of John W. Walker to recover in the present suit depends upon the same circumstances, the same accident, as that of the record introduced, for the purpose of showing that the negligence of the city of Philadelphia in the particular premises has been adjudicated by this court.

Objected to. Objection overruled. Exception for defendant. [1]

The father testified that he had agreed to pay his daughter for the services rendered her mother, " Whatever her services were worth."

The daughter in her testimony said, that she was a dressmaker, that she stopped her work on the day her mother was injured and had never resumed it, and that her father told her, that " If I would give up my work and attend to his house and nurse my mother, if ever in after life he was able to pay me he would do so." She also testified, as to the value of her services, that she was making $15 to $20 per week.

The court, in charging the jury, quoted this testimony, and used the language in commenting upon it set forth in the 9th specification of error.

The court charged the jury in part as follows:

It seems, according to the plaintiff's statement, that while

Mrs. Walker was walking she stepped into an opening or depression in the sidewalk between the premises 535 and 537 Richmond street, whereby she injured her left leg and sustained serious and permanent injuries.

[You are not required to pass upon the question of negligence in this case. You are not required to determine whether the city of Philadelphia was negligent or whether the accident to Mrs. Walker was the result of her negligence, for the reason that the question of negligence has already been determined in the suit which was brought by Mr. and Mrs. Walker in her right against the city and tried, I believe, in this court in 1895, in which, as appears by the record that has been offered in evidence in this case, she recovered a verdict of $6,000. The issue of negligence was directly passed upon in that case, and must now be regarded as adjudicated. Any conclusions which a court or jury must evidently have arrived at in order to have reached a judgment or verdict rendered will be fully concluded, and hence I say, for the purposes of this case it has been judicially determined that the city of Philadelphia was negligent, and as a result of that negligence that Mrs. Walker, the wife of the plaintiff, was injured.] [4]

The principal question, therefore, for you to determine in this case, if you believe the testimony of Mr. Walker and his witnesses, is the question of the damages ; that is to say, what ought he to receive.

[The husband is entitled to recover the moneys he has expended or become liable to pay for medical care and attendance upon his wife during her illness, and for the loss of her services while unable to attend to her domestic duties.] [5]

[I will not refer to any more of the details of the testimony on this subject. If you believe the testimony of the plaintiff's witnesses, there is no doubt that he has been put to expense for medicines and for physicians' bills, and that he made an agreement with his daughter to pay her for the services which he requested her to render to her mother. I say that if you believe that testimony, the plaintiff has been put to considerable expense, and will have to pay for other things, and he is entitled to recover for those expenses.] [9]

The city's attorney contends that this suit was compromised by the plaintiff, John W. Walker, through his counsel, in 1895,

and that, acting in his behalf, it was discontinued of record by them. The plaintiff alleges, however, that he never authorized Mr. Sanders or Mr. MacBride, or either of them to compromise his claim against the city, or to discontinue his case. It will be for you to decide whether his counsel or either of them, had authority to compromise their client's case.

I charge you, as a matter of law, that an attorney has no authority to compromise a suit without the authority or sanction of his client. If a compromise is unauthorized, it is void, and authority to compromise a case cannot be inferred from the bare relationship of attorney and client. Persons dealing with an attorney at law respecting his client's business may justly infer that he has all the power implied by the relation, but not that he has the power of a general agent to compromise and release debts. There must be some proof of agency beyond that implied by the relation, or a ratification, to bind the client by acts of his attorney not within the scope of his duties as an attorney. The question for you will be, do the facts and circumstances in this case indicate that these attorneys, or either of them, had power to compromise Mr. Walker's suit with the city?

*    *    *    *    *    *    *    *

The question for you to decide, after considering all of the testimony carefully and weighing it deliberately, is whether or not the plaintiff in this case, John W. Walker, authorized his counsel to settle the suit that had been commenced in his name against the city, and whether he authorized them to discontinue that suit. Of course if you believe that he authorized them or either of them to settle and discontinue his suit he cannot now recover in this action.

[On the other hand, if there was no compromise effected, if the suit was settled and discontinued without any authority or sanction on his part, then the plaintiff is entitled to recover in this action for the expenses to which he has been put, for the medical attendance, for the medicines, for the services rendered by his daughter to his wife at his request, and for the loss of his wife's services.] [11]

The points which were presented by counsel for the defendant which were refused by the court, were as follows:

1. The jury must find for the defendant. *Answer :* Refused. [2]

2. In the absence of an agreement with his daughter as to amount of compensation to be paid to the daughter for the nursing and care of Mrs. Walker, there can be no recovery against the city of Philadelphia by the plaintiff, John W. Walker, for the services rendered by the daughter, Frances Walker, to her mother, Mary Walker, wife of plaintiff, John W. Walker. *Answer :* Refused. [3]

Verdict and judgment for plaintiff for $6,500. Defendant appealed.

*Errors assigned* among others were (1) ruling on evidence, quoting the bill of exceptions ; (2–5, 9–11) above instructions, quoting them.

*Leonard Finletter* and *E. Spencer Miller,* assistant city solicitors, with them *John L. Kinsey,* city solicitor, for appellant.— Identity of subject-matter, in whole or in part, and identity of parties in interest must unite to render a deposition in one case admissible in another : Haupt v. Henninger, 37 Pa. 138; Harger v. Thomas, 44 Pa. 128 ; Act of March 28, 1814, 6 Sm. L. 208 ; Act of May 23, 1887, P. L. 158 ; Neeson v. Troy, 29 Hun, 173; Groth v. Washburn, 39 Hun, 324; Wharton on Evidence, sec. 758; Rice on Evidence, 740; Freeman on Judgments, sec. 159.

The husband was not a party to the former suit: State Hospital for the Insane v. Philadelphia, 193 Pa. 236; Endlich & Richards, Married Women, 277 ; Hemming v. Elliott, 5 Cent. Rep. 592; Burrell Township v. Uncapher, 117 Pa. 362; Walter v. Kensinger, 13 Pa. C. C. R. 222; Chambers v. Lapsley, 7 Pa. 24; Follansbee v. Walker, 74 Pa. 306; Goodhart v. Penna. R. Co., 177 Pa. 1.

The case of C. B. & Q. R. R. Co. v. Dunn, 52 Ill. 260, seems to be on all fours with the one at bar.

*James Gay Gordon,* with him *Harry A. Mackey,* for appellee.—The record was properly admitted: Anderson v. Third Ave. R. R. Co., 9 Daly (N. Y.), 487; Lindsey v. Town of Danville, 46 Vt. 144.

The verdict was a reasonable one: Goodhart v. Penna. R. Co., 177 Pa. 1; Markey v. Brewster, 10 Hun, 16; Manseau v. Mueller, 45 Wis. 430; Friermuth v. Friermuth, 46 Cal. 42; Swartz v. Hazlett, 8 Cal. 118; Henry v. Klopfer, 147 Pa. 178.

OPINION BY MR. JUSTICE MITCHELL, March 19, 1900:

1. The first question to be considered is the effect of the verdict and judgment previously obtained against the city by the plaintiff's wife. The record was admitted and held conclusive as to the city's negligence in the accident out of which the present action arises. This was error. There was no identity either of parties or of rights. The first action was by husband and wife for injuries to the wife. The husband was only a nominal party and since the act of 1887 need not have been joined even for formality. "Parties in the larger legal sense are all persons having a right to control the proceedings, to make defense, to adduce and cross-examine witnesses, and to appeal from the decision if any appeal lies:" 1 Greenleaf on Evidence, sec. 535. The right of the wife in the first action being for a tort done to her, was her separate property by the express words of the Act of June 3, 1887, P. L. 333, and the husband could not have controlled or interfered with the conduct of the suit or appealed from the result. In Fearn v. Ferry Co., 143 Pa. 122, a closely analogous case, our Brother McCollum said: "It is contended by the appellant that the injuries for which these suits were brought were received at the same time and place, and were attributable to the same cause, to wit: the neglect of the defendant company to keep its boats in a reasonably safe condition for the ingress and egress of its passengers. Assuming that the claim of the appellant is correct, it does not follow that a deposition taken in one action is admissible as evidence in the other. The actions are not between the same parties, although we have the same defendant in each. The fact that the plaintiff in the first action was the wife of the plaintiff in this action, or that she is now his widow and administratrix, can make no difference in the rule which allows testimony taken in one action to be given in evidence on the trial of another which involves the same subject-matter and is between the same parties or their privies. The joinder of the husband in the former suit was merely formal, and it did not

give him control of or an interest in it. It was the wife's claim that was litigated; the judgment was obtained in her right, and it was exclusively hers. Identity of subject-matter, in whole or in part, and identity of parties in interest must unite, to render a deposition in one case admissible in another."

In order to come within the rule as to res adjudicata the first judgment must have been binding on both parties to the second action. "No party is as a general rule bound in a subsequent proceeding by a judgment, unless the adverse party, now seeking to secure the benefit of the former adjudication, would have been prejudiced by it if it had been determined the other way:" Freeman on Judgments, sec. 159. If the wife's action had failed for want of evidence of the city's negligence, and there had been a verdict for defendant, the plaintiff, having been only a nominal party with no control over that action, would not have been barred from his right to prove negligence in his own suit. As he would not have been prejudiced by one result he cannot claim the benefit of the other.

Nor was his claim privy to or derived from the right of the wife. His action now is on his own common-law right to compensation for the loss of his wife's services. No settlement or disposition of her claim could affect his without his consent. Indeed, it was on this ground that the court below struck off the entry of discontinuance.

No exact precedent has been found in this state, though Fearn v. Ferry Co., 143 Pa. 122, already cited, is closely analogous, and the reasoning entirely in harmony with our present views. In other states the exact precedents are few and not harmonious. We are thus left to decide upon general principles, and on these we are clearly of opinion that the record of the wife's action was res inter alios acta, and so far from being conclusive evidence of the city's negligence it was not admissible at all.

2. There was also error on the subject of damages in permitting plaintiff's daughter to testify to what she was earning in her employment as a dressmaker which she gave up to wait on her mother after the injury. Conceding, though the sufficiency of the evidence is questionable, that plaintiff had proved an express contract to pay his daughter for services which as

a member of the family were prima facie presumed to be rendered gratuitously (Goodhart v. Penna. R. Co. 177 Pa. 1), yet the measure of compensation for which the city could be held liable was the ordinary wages of such attendance. What the daughter had earned or could earn at her independent trade was wholly irrelevant and misleading.

3. On the whole case it is clear that the plaintiff cannot recover at all. The wife having obtained a verdict, a settlement was effected by which the city withdrew its motion for a new trial, the amount of the verdict was reduced, and as part of the consideration for prompt payment by the city without further contest, the husband's right of action was barred by the issue of a writ and its discontinuance and settlement of record. If the plaintiff authorized that suit he is bound by the discontinuance as part of the settlement of the suit by his wife. If he did not authorize it then no suit was brought within the period of limitation, and he could not, nor could the court by striking off the discontinuance, permit him to authorize or ratify it nunc pro tunc after the statute had closed upon his right of action. A distinction is sought to be made, and the daughter was brought forward to show that acting for her father she authorized counsel to bring the suit but not to settle or discontinue it. She testified: " He (the attorney) was to bring my mother's case first. If it was decided in her favor my father's was to be brought afterwards. . . . Q. You left it all to him. A. Yes, sir." This is all there is of it and the proof. falls far short of the offer, but taking it in its fullest and most favorable aspect for the plaintiff, it goes only to show that the time of bringing the father's suit was to be in the discretion of counsel after a favorable result in the first action. And this discretion never was exercised. A suit was brought and immediately discontinued of record, but it was as a part of the settlement of the wife's action. It was not brought as an assertion of the plaintiff's right and effort to recover upon it, nor was any other suit ever brought by that counsel. Suit was subsequently brought by other counsel on the instruction of plaintiff, and this discontinued suit was found to stand in the way. Plaintiff then for the first time, sought to avail himself of the action of his first counsel in bringing this suit. He could only do so cum onere. If he adopted it at all he must adopt it as it really

was, as part of the settlement of this wife's verdict. To allow him to use it as an independent suit upon his right of action for loss of his wife's services, would be not only in direct disregard of the facts of the case, but to allow him to perpetrate a fraud on the defendant. He could not himself distort an action brought solely for one purpose to another and directly repugnate one, nor could the court authorize him to do so. The order striking off the discontinuance was improvidently and erroneously made, and the statutory bar having become complete, the striking off the discontinuance could not even operate as an available new writ. The defendant's first point should have been affirmed and the verdict directed for defendant.

Judgment reversed and now judgment entered for defendant.