613 A.2d 108

SILVER SPRING TOWNSHIP, a municipal corporation, James Arthur Smith, Mary Louise Smith, Geneva B. Sunday, individually, and ABC Bowling Lanes, Inc., a corporation, on behalf of themselves and others similarly situated

v.

PENNSY SUPPLY, INC.

Appeal of Geneva S. SUNDAY and putative Class Member, Helen E. Sullivan, Appellants.

Commonwealth Court of Pennsylvania.

Argued April 6, 1992.

Decided July 21, 1992.

David C. Eaton and Lee C. Swartz, for appellants.

Scott W. Morgan, for appellee.

Before PALLADINO and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

On October 23, 1979, Silver Spring Township (Silver Spring), James Arthur Smith, Mary Louise Smith, Geneva A. Sunday and ABC Bowling Lanes, Inc., as representative plaintiffs, filed a complaint in equity against Pennsy Supply, Inc. (Pennsy) as a class action. The action was brought on behalf of a class comprised of themselves and those persons similarly situated who own properties and reside in residential neigh-

borhoods in Silver Spring which border on and are adversely affected by the operation of an asphalt plant and quarry owned and operated by Pennsy.

The underlying equity action sought injunctive relief and damages for injuries caused to the properties of the representative plaintiffs and the members of the class as well as injuries to their health, safety and welfare and denial of the peaceable enjoyment of their property by reason of Pennsy's unlawful conduct in carrying on asphalt "batch" plant operations, quarrying activities and trucking activities incidental thereto.

This is an appeal[1] by Geneva B. Sunday and Helen E. Sullivan from an order of the trial court dated April 26, 1991 in (1) denying the motion of Helen E. Sullivan and John C. Sullivan to require notice of proposed settlement or discontinuance, (2) approving the stipulation for consent decree between Silver Spring and Pennsy, and (3) ordering that Silver Spring may discontinue the action without notice to members of the putative class other than the named plaintiffs.

On March 10, 1989, David C. Eaton, Esq., attorney for Helen E. Sullivan and John C. Sullivan, putative members of the class, filed a praecipe to enter his appearance for the Sullivans in this action. Two years later, the Sullivans filed a motion, dated March 8, 1991, entitled "Motion to Require Notice of Proposed Settlement or Discontinuance," requesting notice of any proposed settlement or discontinuance of the action contending they would be prejudiced by a discontinuance without an opportunity to be heard. In their motion, the Sullivans alleged, *inter alia,* that:

> Movants were notified by copies of letters of class counsel of December 6, 1990 of the occurrence of a conference between counsel for the class and for the defendant with the Court at which time, or following which, terms of settlement and discontinuance of the action were proposed. Movants are advised that the proposed terms of settlement have been rejected by the individual plaintiffs.

---

1. At the time of the events giving rise to this appeal, the within action had not been certified by the trial court as a class action.

See R.R. at 52a.

The letter alluded to in the Sullivans' motion is not part of the record; additionally, the "occurrence of a conference between counsel for the class and for the defendant with the court" is nowhere reflected in the docket entries or the record.

Pennsy filed a response to Sullivans' motion as follows:

1–8 Pennsy Supply, Inc. responds to this Motion by incorporating herein by reference Defendant's Memorandum of Law in support of approval of Settlement and Discontinuance of Uncertified Class Action Without Notice to Members of the Class, which Memorandum of Law was submitted to the Honorable Harold E. Sheely in December, 1990, following the request of Silver Spring Township and Pennsy Supply, Inc. for approval of settlement and discontinuance of the subject action. A copy of the Memorandum of Law is attached hereto. (Footnote added.)

There is nothing in the docket entries or in the record before us which demonstrates that a "request" was made to the trial judge for approval of settlement and discontinuance of this action by Silver Spring and Pennsy.

Attached to the memorandum of law was a stipulation for consent decree for approval by the trial court. Pennsy, in its response, requested the trial court to deny Sullivans' motion, "and to enter an order finding that the discontinuance of the action will not prejudice potential class members and thereby approving the discontinuance and settlement without notice to putative class members, other than the named plaintiffs."

The next item that appears in the docket entries is the trial court's order of April 26, 1991,[2] which is as follows:

AND NOW, this 26th day of April, 1991, upon consideration of the Motion to Require Notice of Proposed Settlement or Discontinuance and the Response thereto, it is

**2.** The Sullivans' "Motion," the response of Pennsy, and the trial court's order are all reflected in the docket entries as having been filed on April 26, 1991.

ORDERED that the Motion is denied, and the Stipulation for Consent Decree is hereby approved. This Court finds that a discontinuance of the subject action will not prejudice class members. It is therefore ORDERED that Silver Spring Township, representative party of the uncertified class, may discontinue this action without notice to members of the putative class, other than the named plaintiffs.

The record does not reveal that any hearing date was scheduled for April 26, 1991, notice thereof given to the "named plaintiffs," or that a hearing on the record was held prior to the entry of the April 26, 1991 order by the trial court.

On June 11, 1991, counsel for Silver Spring, pursuant to the trial court's order of April 26, 1991, filed a praecipe for discontinuance of the action. Thereafter, on July 10, 1991, counsel for Sunday and Sullivan, entered judgment on the discontinuance of the action, and on July 11, 1991 filed the within appeal.[3]

Sunday and Sullivan contend that the trial court erred when, prior to certification of this class action, it failed to allow putative class members, upon request, to testify on the issue of prejudice. Before addressing the issue[4] raised by Sunday and Sullivan, we, *sua sponte,* raise the question of whether Helen E. Sullivan is subject to our jurisdiction prior to certification of the class action and thus a proper party to this appeal.

At the time counsel entered his appearance for the Sullivans, they were, at best, unidentified putative class members. They were not a named party or a representative party plaintiff.

Section 2 of the Judicial Code, 42 Pa.C.S. § 102, defines a "party" as follows:

3. John C. Sullivan is not named as a party to the within appeal.
4. Our research has revealed no case law setting forth the standard of review under Pa.R.C.P. No. 1714; however, we deem it to be one of whether the trial court committed an error of law or abused its discretion.

A person who commences or against whom relief is sought in a matter. The term includes counsel for such a person who is represented by counsel.

In *Gilbert v. Thomson*, 7 Pa.D. & C.2d 593 (1956),[5] it is stated:

Everyone whose name appears in the caption of the praecipe for writ of summons or complaint is not necessarily a *party to the action.* "Parties to an action are those who are named as such in the record *and are properly served with process* or enter an appearance...." (Emphasis in original.)

In *Walker v. City of Philadelphia*, 195 Pa. 168, 45 A. 657 (1900), it was held:

"Parties in the larger legal sense are all persons having a right to control the proceedings, to make defense, to adduce and cross-examine witnesses, and to appeal from the decision if any appeal lies:"

*See also Gilbert.*

Pa.R.C.P. No. 1018, as herein relevant, states: "Every pleading shall contain a caption.... The caption of a complaint shall set forth ... the names of all the parties, ..." Pa.R.C.P. No. 1701 defines a "Class Action" to mean "any action brought by or against *parties* as representatives of a class until the court by order refuses to certify it as such or revokes a prior certification ..." (emphasis added) in which event Pa.R.C.P. No. 1710(e) provides "the action shall continue by or against the named parties alone." Pa.R.C.P. No. 1713(3) permits the trial court to allow "an interested person to intervene in accordance with Rules 2326 et seq. governing intervention."

It is crystal clear from the foregoing cases, treatises cited therein, the rules of civil procedure, and the absence of case law, that one, who is not a named party to an action, be it an individual action or a class action prior to its certification, cannot become a party to an action by the simple expedience of walking into the office of the prothonotary and filing his

**5.** Citing 2 Standard Pennsylvania Practice § 3 (1981) and followed in *Love v. Vincent*, 37 Pa.D. & C.2d 429 (1964).

appearance in any one or more of the multitude of open actions on file.

Neither of the Sullivans commenced this action in equity as a class action; neither are named as a party in the caption of the complaint; neither has a right to control the within proceedings, nor adduce and cross-examine witnesses, nor file an appeal, if any lies; neither did they seek to intervene in this action pursuant to Rule 2326 *et seq.* Since the Sullivans were not parties to the within action, there being no certification of the within action, the trial court did not acquire in personam jurisdiction over them by the mere entry of their appearance.[6] The fact that neither the trial court nor any of the representative parties nor Pennsy objected to the Sullivans' appearance and Pennsy responded to their "Motion to Require Notice of Proposed Settlement or Discontinuance," and the trial court ruled thereon, does not make the Sullivans a party to the class action so as to give the trial court in personam jurisdiction over them.

Pa.R.A.P. 501 provides that any party aggrieved by an appealable order may appeal therefrom. Helen E. Sullivan not being a party to the uncertified class action in the court below is not aggrieved by the April 26, 1991 order of the trial court. Hence, we will strike her as a party appellant to the within proceedings.

Even though we strike Sullivan as a party, the appeal is still viable because there remains a proper party as appellant, i.e., Sunday, a named representative party. We will now discuss the merits of that appeal.

█ Under the rules of civil procedure, a class action is deemed to be such when initially filed, and continues as a class action until the court, after hearing, refuses to certify it as a class action or revokes a prior certification. Pa.R.C.P. No.

---

6. The only time an appearance in a matter makes a person a party to the action, if they did not commence the action, is if they are named as a party defendant but prior to service of process they enter their appearance instead of waiting to be served; their entry of appearance then makes them a party to the action.

1710. A class action, pursuant to Pa.R.C.P. No. 1714(a), may be compromised, settled or discontinued only upon the approval of the court after hearing. If the discontinuance, without notice to the class, is sought by the representative party prior to certification of the class, Rule 1714(b) mandates the trial court to find that the discontinuance will not prejudice the other members of the class. The purpose of this rule is to protect putative members of the class from prejudicial and binding action by the representative party(s).[7]

The explanatory note to Rule 1714 states:

> The court should conduct a careful inquiry before approving a request for discontinuance before certification. It should not be treated as a perfunctory matter. This is essential because the court has the responsibility to enter a finding that there will be no prejudice to other members of the class.

Contrary to the Pa.R.A.P. 1925 opinion filed by the trial court in which it wrote, "The Township has carried the burden of the lawsuit in this case. Since they believe discontinuance based on the argument is in the best interest of all parties, I believe discontinuance of this case was justified," the trial court has an affirmative duty to conduct a hearing and make a finding that a discontinuance will not prejudice members of the class, which finding must be factually based. Such a determination cannot be made *pro forma*. The record before us fails to reveal that the trial court conducted any hearing on the record prior to the entry of its order of April 26, 1991.

We will, *inter alia*, remand to the trial court for a hearing on the record to determine whether or not this class action should be settled and discontinued.

7. In *Shapiro v. Magaziner*, 418 Pa. 278, 210 A.2d 890 (1965), the court, in construing the former class action rule Pa.R.C.P. No. 2230(b) requiring approval of court before a voluntary nonsuit may be entered, held that the "purpose of Pa.R.C.P. 2230(b) ... is to protect nonjoined members of the class from prejudicial and binding action by their representative." This rationale is equally applicable to present Rule 1714(a) and (b).

## ORDER

AND NOW, this 21st day of July, 1992, it is ORDERED as follows:

1. Helen E. Sullivan is dismissed as a party to the within appeal.

2. The trial court's denial of Helen E. Sullivan and John E. Sullivan's "Motion To Require Notice of Proposed Settlement or Discontinuance" is affirmed.

3. The trial court's order approving the Stipulation for Consent Decree between Silver Spring Township and Pennsy Supply, Inc. is vacated.

4. The trial court's order that Silver Spring Township, representative party of the uncertified class, may discontinue this action without notice to members of the putative class, other than the named plaintiffs, is vacated.

5. The trial court is directed to enter an order striking from the record the discontinuance entered by Silver Spring Township pursuant to the April 26, 1991 order of the trial court.

6. The matter is remanded to the trial court to conduct a hearing on the record consistent with Pa.R.C.P. No. 1714 and this opinion as to whether this uncertified class action should be settled and discontinued pursuant to the Stipulation For Consent Decree between Silver Spring Township and Pennsy Supply, Inc.

Jurisdiction relinquished.