653 A.2d 1237

**Catherine M. LILES & Robert E. Liles, Appellants,**

v.

**Paul W. BALMER, Jr. & Mary Balmer.**

Superior Court of Pennsylvania.

Argued Oct. 20, 1994.

Filed Dec. 30, 1994.

Reargument Denied March 1, 1995.

240

John S. Hollister, Jr., Troy, for appellants.

W. Marshall Dawsey, Towanda, for appellees.

Before BECK, HUDOCK and BROSKY, JJ.

BROSKY, Judge.

This is an appeal from the final order of the trial court which denied appellant's motion for removal of a compulsory nonsuit entered against her.

Appellant presents the following issues for our review: (1) whether the trial court erred in granting appellees' motion for compulsory nonsuit; (2) whether the trial court utilized an

erroneous standard in excluding appellant's testimony where her recollection of the accident was elicited while under sodium pentothal/hypnosis and she had no independent recall of the details of the accident prior to the sodium pentothal/hypnosis; (3) whether the trial court erred in refusing to apply a more liberal standard in this case rather than the evidentiary standard for admitting hypnotically elicited recollections which is used in criminal cases; and (4) whether the trial court fostered prejudicial delay and impeded due process. For the reasons set forth below, we affirm.

Before addressing appellant's claims, we will recount the pertinent facts and procedural history of this case. Appellant, Catherine Liles, was riding her motorized pedalcycle ("moped") during the afternoon hours of May 5, 1985. As she passed the home of appellees, Paul Balmer, Jr. and his wife, Mary Balmer, appellant apparently lost control of her moped and fell, thereby sustaining various injuries to her head. Other than Mrs. Liles, there were no eyewitnesses to the incident.

■ Appellant believed that her accident was caused by the Balmers' dog chasing her moped and accordingly instituted suit against the Balmers in April, 1987.[1] During the discovery

1. Mrs. Liles' husband, Robert, is also identified as a party-appellant in the caption of this appeal. However, Mr. Liles does not appear to be a proper party-appellant. The underlying action was commenced by writ of summons in 1987 and identified both Mrs. and Mr. Liles as the plaintiffs. The Balmers thereafter entered an appearance and directed the prothonotary to enter a rule upon the plaintiffs to file a complaint within twenty days in accordance with Pa.R.C.P., Rule 1037(a), 42 Pa.C.S.A. Although a complaint was filed, Mr. Liles was not named therein as a plaintiff. Moreover, the complaint did not assert a cause of action or make any request for relief on behalf of Mr. Liles. Mr. Liles also was not a direct participant in any of the proceedings before the trial court. The record additionally reflects that Mr. Liles did not seek permission to intervene as a party at any time during the lower court proceedings. Nor was the complaint ever amended to include Mr. Liles as a plaintiff. Instead, Mr. Liles' name appears to have been added to the caption of appellant's motion for reconsideration filed in July of 1992. Because Mr. Liles was not identified as a party in the caption of the complaint, did not seek any relief from the defendants and was not otherwise a participant in the proceedings giving rise to this appeal, he cannot be considered a party to the underlying action. See 42 Pa.C.S.A.

and deposition phase of the proceedings, appellant was unable to remember any of the details of the accident.[2]  As a result, appellees filed a motion for summary judgment which was granted.  Appellant thereafter appealed to this court.  *See Liles v. Balmer,* 389 Pa.Super. 451, 567 A.2d 691 (1989).

On appeal, this court determined that the police accident report and the hospital records were inadmissible to prove the manner in which the accident occurred.  *Id.,* 389 Pa.Super. at 455–456, 567 A.2d at 693.  We further found that appellant could not prove her cause of action by showing that on prior occasions the dog was unrestrained and chased passing vehicles or that the Balmers habitually allowed their dog to run

§ 102 (defining a party as a person who commences or against whom relief is sought in a matter); Pa.R.C.P., Rule 1018, 42 Pa.C.S.A. (requiring the caption of the complaint to set forth, *inter alia,* the names of all parties); *Silver Spring Township v. Pennsy Supply, Inc.,* 149 Pa. Commw. 314, 319–320, 613 A.2d 108, 110–111 (1992) (everyone whose name appears in the caption of a praecipe for writ of summons is not necessarily a party to the action; parties to an action are those who are named as such in the record and are properly served with process or enter an appearance.  One who is not a named party to an action cannot become a party by the simple expedient of filing his or her appearance); *Walker v. Walker,* 362 Pa.Super. 75, 78–79, 523 A.2d 782, 783 (1987) (although not named as a party, the daughter-appellant was deemed to have standing to appeal because she participated in the trial court action and relief was sought against her).  Since Mr. Liles was not a party to the action, he was not aggrieved by the trial court's order, and thus, he has no standing to appeal.  *See* Pa.R.A.P., Rule 501, 42 Pa.C.S.A. (providing that any party who is aggrieved by an appealable order may appeal therefrom); *Silver Spring Township v. Pennsy Supply, Inc.,* 149 Pa.Commw. at 320, 613 A.2d at 111 (person who is not a party to an action is not aggrieved by the trial court's order); *Newberg by Newberg v. Board of Public Education,* 330 Pa.Super. 65, 68–69, 478 A.2d 1352, 1354 (1984) (one who was not a party to a proceeding in the trial court has no standing to appeal).  To the extent Mr. Liles is attempting to appeal from the trial court's order, his appeal is dismissed and he is stricken as a party-appellant.  *See Silver Spring Township, supra* (dismissing individual who was not a party); *Newberg, supra* (quashing appeal by individual who was not a party).  Because Mrs. Liles is a proper party, her appeal remains viable and her claims will be considered.  *See Silver Spring Township, supra.*

**2.**  At a deposition taken in March of 1988, Mrs. Liles specifically stated that she could not remember the events which transpired after she had beeped her horn at a neighbor's residence.  Deposition of Catherine Liles, 3/3/88 at 37–40.  Mrs. Liles next remembered waking up in the hospital the following morning.  *Id.* at 39–40.

free to chase passing vehicles. *Id.,* 389 Pa.Super. at 456, 567 A.2d at 693. We nevertheless reversed the trial court's grant of summary judgment because the record did not disclose that, notwithstanding Mrs. Liles' inability to personally recall the details of the accident, she would be unable to produce evidence at trial to support the averments of her complaint. *Id.,* 389 Pa.Super. at 456–457, 567 A.2d at 693.

In February of 1990, Mrs. Liles underwent a sodium pentothal/hypnotic interview conducted by her psychiatrist, Dr. Wigert. The interview was conducted for the purpose of enabling her to remember the details of the accident.[3] During a pre-trial conference, a question arose regarding the admissibility of the taped statement of Mrs. Liles' sodium pentothal/hypnotic interview. *See* Balmers' Pre–Trial Memorandum, filed 9/27/91 at paragraph 11; Trial Court Order, filed 10/4/91 (indicating that a pre-trial conference was held and directing the parties to file briefs regarding the admissibility of plaintiff's taped statement of her sodium pentothal interview). By orders entered in January and February 1992, the trial court ruled that Mrs. Liles would not be permitted to introduce into evidence tapes of her sodium pentothal interview. This issue was subsequently revisited during a second pre-trial conference following which the trial court directed the parties to file a brief regarding the admissibility of Dr. Wigert's testimony as to the statements made by Mrs. Liles during the sodium pentothal interview. Trial Court Order, filed 2/19/92. The trial court further ordered the parties to address the issue of whether Mrs. Liles' current recollection of the accident, which arose following the treatment, would be admissible. *Id.*

3. During the interview, Mrs. Liles indicated that the Balmers' dog had chased her and had come right up to her moped. *See* Defendants' Brief in Opposition to Plaintiff's Motion for Reconsideration of the entry of Compulsory Non-suit Against the Plaintiff, Exhibit B (Transcript of Sodium Pentothal Interview conducted 2/25/90) at 9. Mrs. Liles hollered at the dog to "get back" and took one of her feet off of the moped. *Id.* Mrs. Liles was unable to remember anything after that point until the time she regained consciousness in the hospital the next day. *Id.* at 10.

By order dated June 23, 1992, the trial court determined that Mrs. Liles was precluded from presenting both the statements she made to Dr. Wigert during the sodium pentothal interview and any testimony involving her sodium pentothal-enhanced recollection of the events which led to her accident. Trial thereafter commenced on the same date, *i.e.*, June 23, 1992. Before Mrs. Liles was called to the stand, an offer of proof was requested. In response, Mrs. Liles' counsel indicated for the first time that Mrs. Liles had an independent recollection of the accident when she recovered in the hospital but that she had suppressed her memory thereof due to her head injuries and ensuing depression.[4] N.T. 6/23/92 at 69 and 73–74. Because there was no proof that Mrs. Liles actually had a recollection independent of the sodium pentothal interview, the trial court ruled that she was not legally competent to testify as to the circumstances surrounding the cause of the accident. *Id.* at 84. In response to the trial court's decision, plaintiff's counsel indicated that the evidentiary ruling effectively precluded him from proceeding further with his case. *Id.* at 87. At this point, defense counsel formally moved for a compulsory nonsuit and the motion was granted by the trial court. *Id.* at 87–88.

Within ten days after entry of the compulsory nonsuit, Mrs. Liles filed a document that was captioned "Motion for Reconsideration."[5] While this document was pending

---

**4.** Mrs. Liles was again deposed after her sodium pentothal/hypnotic interview. During her deposition, Mrs. Liles indicated that she was now able to recollect, due to the sodium pentothal treatment, that she was chased by the Balmers' dog. Deposition of Catherine Liles, 3/22/91 at 23–25. However, Mrs. Liles was still unable to recall either what happened after the dog chased her or what caused her to fall. *Id.* at 21–22.

**5.** We recognize that a motion for reconsideration is not the functional equivalent of a post-trial motion. *See Moore v. Moore*, 535 Pa. 18, 25, 634 A.2d 163, 166 (1993) (distinguishing between motions for reconsideration and post-trial motions). However, it is the contents of the motion and not its caption which is controlling. *Cohen v. Jenkintown Cab Co.*, 300 Pa.Super. 528, 538 n. 8, 446 A.2d 1284, 1289 n. 8 (1982) (specific terms of a petition control over an erroneous use of nomenclature in the caption). As applied here, review of the contents of the motion discloses that Mrs. Liles sought removal of the nonsuit rather

before the court, Mrs. Liles filed an appeal from the entry of the nonsuit. *See Liles v. Balmer,* docket No. 00440 Harrisburg 1992. Appellees filed a motion to quash the appeal. This court granted appellees' request as the appeal was interlocutory. *See* Order of the Superior Court, filed 9/2/92.

Despite the dismissal of her appeal, Mrs. Liles took no action until April of 1993, at which time she moved for argument on her motion. Argument was held in June, 1993 following which the trial court entered a final order refusing to remove the nonsuit. Mrs. Liles thereafter instituted this timely appeal therefrom. Consequently, this appeal is now properly before us for review. *See Miller v. Hurst,* 302 Pa.Super. 235, 241, 448 A.2d 614, 617 (1982) (*en banc*) (holding that an order refusing to remove a compulsory nonsuit is final and appealable).

■ Appellant's first three claims pertain to the trial court's grant of appellees' request for a compulsory nonsuit and the evidentiary rulings upon which the nonsuit was based. With regard to these matters, we first observe that the trial court, on the oral motion of a party, may enter a nonsuit if the plaintiff has failed to establish a right to relief. Pa.R.C.P., Rule 230.1, 42 Pa.C.S.A. In evaluating the trial court's grant of a nonsuit, "we must view the evidence adduced on behalf of the [plaintiff] as true, reading it in the light most favorable to [her]; giving [her] the benefit of every reasonable inference that a jury might derive from the evidence and resolving all doubts, if any, in [her] favor." *Sinclair by Sinclair v. Block,*

than reconsideration of the order. Moreover, this court treated Mrs. Liles' request as a post-trial motion seeking removal of the nonsuit rather than a motion for reconsideration when we quashed her previously filed interlocutory appeal from the entry of the nonsuit. *See* Order of the Superior Court, filed 9/2/92, at docket no. 00440 Harrisburg 1992 (quashing Mrs. Liles' appeal from order entering compulsory nonsuit; the appeal was deemed interlocutory because an order refusing to remove the nonsuit had not been entered by the trial court and the motion requesting removal of the nonsuit was pending). We accordingly consider this document to be in the nature of a post-trial motion for the removal of a nonsuit pursuant to Pa.R.C.P., Rule 227.1(a)(3), 42 Pa.C.S.A. rather than the type of motion for reconsideration which implicates the provisions of Pa.R.A.P., Rule 1701, 42 Pa. C.S.A.

534 Pa. 563, 568, 633 A.2d 1137, 1139 (1993). *Accord Taliferro v. Johns–Manville Corp.,* 421 Pa.Super. 204, 208, 617 A.2d 796, 799 (1992). Additionally,

> a compulsory nonsuit may be entered only in cases where it is clear that the plaintiff has not established a cause of action. . . . When so viewed, a non-suit is properly entered if the plaintiff has not introduced sufficient evidence to establish the necessary elements to maintain a cause of action. . . .

*Taliferro v. Johns–Manville Corp.,* 421 Pa.Super. at 208, 617 A.2d at 799. With respect to the trial court's evidentiary rulings, "[q]uestions concerning the admission and exclusion of evidence are within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. The basic requisite for the admissibility of any evidence in a case is that it be competent and relevant." *Moran v. G. & W.H. Corson, Inc.,* 402 Pa.Super. 101, 125, 586 A.2d 416, 428 (1991), *allocatur denied,* 529 Pa. 650, 602 A.2d 860 (1992). We will examine the trial court's determinations in accordance with the above principles.

Because the trial court's decision regarding the admissibility of Mrs. Liles' testimony led to the entry of the nonsuit, we must first consider whether the trial court's evidentiary ruling thereon was proper.[6] On the subject of hypnotically refreshed testimony, our Supreme Court has deemed such testimony to be inadmissible as evidence. *Commonwealth v. Smoyer,* 505 Pa. 83, 87, 476 A.2d 1304, 1306 (1984); *Commonwealth v. Nazarovitch,* 496 Pa. 97, 111, 436 A.2d 170, 178 (1981). The fact that a witness has undergone such treatment nevertheless does not result in the *per se* exclusion of all of his or her testimony. Instead, the appellate

---

**6.** Although appellant does not expressly challenge the trial court's other rulings regarding the admissibility of her taped interview or Dr. Wigert's testimony as to Mrs. Liles' statements made during the interview, this evidence was likewise properly excluded. *See Commonwealth v. Reed,* 400 Pa.Super. 207, 227, 583 A.2d 459, 469 (1990), *allocatur denied,* 528 Pa. 629, 598 A.2d 282 (1991) (affirming trial court's exclusion of videotape of defendant's hypnotic interview and of the psychiatrist's testimony as to the defendant's statements made while under hypnosis).

courts have held that a witness who has been hypnotized can testify to information not derived from the hypnotic session, subject to certain guidelines which include, *inter alia,* that the party offering the witness must show that the testimony to be presented at trial was established and existed previous to any hypnotic process. *Commonwealth v. Smoyer,* 505 Pa. at 89–90, 476 A.2d at 1308, *quoted in Commonwealth v. Romanelli,* 522 Pa. 222, 226, 560 A.2d 1384, 1386 (1989). *Accord Commonwealth v. Galloway,* 433 Pa.Super. 222, 226 n. 3, 640 A.2d 454, 456 n. 3, *allocatur denied,* 538 Pa. 666, 649 A.2d 668 (1994); *Commonwealth v. DiNicola,* 348 Pa.Super. 405, 413–415, 502 A.2d 606, 610–611 (1985), *allocatur denied,* 516 Pa. 616, 531 A.2d 1118 (1987), *cert. denied,* 484 U.S. 1028, 108 S.Ct. 755, 98 L.Ed.2d 768 (1988). However, before a hypnotically refreshed witness can testify to his or her pre-hypnotic recollection, the witness' pre-hypnotic recollection must be verified by clear and convincing evidence. *Commonwealth v. DiNicola,* 348 Pa.Super. at 416, 502 A.2d at 612. Appellant has not met this requirement.

 At no time prior to her sodium pentothal treatment was appellant able to recall any of the details of her accident. Consequently, there are no written statements or other similar documentation evidencing appellant's recollection of the accident other than the information contained in the police report and hospital records. However, this court previously held that the information contained in these sources was inadmissible because it was untrustworthy. *See Liles v. Balmer,* 389 Pa.Super. at 456, 567 A.2d at 693. *See also Commonwealth v. DiNicola,* 348 Pa.Super. at 417, 502 A.2d at 612 (witness' pre-hypnotic statements to police did not satisfy *Smoyer* where police reports were not shown to be accurate). Nor was there any other reliable evidence suggesting that appellant ever had a memory of the accident which was based on her own personal knowledge and perception.

Appellant nonetheless contends that she could have satisfied the *Smoyer/DiNicola* requirement through the testimony of various friends and relatives with whom she purportedly spoke after the accident. Appellant's Brief at 16–17. According to

appellant, these witnesses would testify that appellant did in fact have a memory of the accident shortly after it occurred, as evidenced by her alleged statements relating to the purported cause of the accident. *Id.* Appellant's statements to these witnesses, if offered to prove the cause of the accident, is nothing more than inadmissible hearsay, and appellant has failed to establish that the proffered evidence falls within a recognizable exception to the hearsay rule. *See, e.g., Heddings v. Steele,* 514 Pa. 569, 573–574, 526 A.2d 349, 351 (1987) (defining hearsay as an out-of-court statement offered to prove the truth of the matter asserted; a proponent of hearsay evidence must point to a reliable hearsay exception before such testimony will be admitted).

Mrs. Liles' statements to her friends and relatives would not be considered hearsay if they were offered to show that she did in fact have a recollection of the accident prior to her loss of memory and hypnotic treatment. *See, e.g., Matter of Cunningham,* 517 Pa. 417, 438–439, 538 A.2d 473, 484, *appeal dismissed,* 488 U.S. 805, 109 S.Ct. 36, 102 L.Ed.2d 16 (1988) (explanatory words are not hearsay when under the substantive law the pertinent inquiry is directed only to objective manifestations rather than to the actual intent or other state of mind of the actor); *Smith v. Brooks,* 394 Pa.Super. 327, 337–338, 575 A.2d 926, 931 (1990), *allocatur denied,* 527 Pa. 621, 625, 592 A.2d 42, 45 (1991) (statements regarding the status of a traffic signal were not hearsay where they were used, not to prove the truth of the matter asserted therein, but to show the defendant's reliance upon and actions in response thereto) L. Packel & A. Poulin, *Pennsylvania Evidence,* § 801.3 at 546 (1987) (statements are not hearsay when offered to prove the speaker's knowledge or state of mind). However, the testimony offered by these witnesses did not establish that appellant's memory of the accident was the product of her own personal knowledge and perception. Rather, Mrs. Liles' deposition testimony disclosed that any memory of the accident which she may have had at this time was derived from information conveyed to her by neighbors and relatives. *See* Deposition of Catherine Liles, 3/3/88 at 40–

41 (indicating that after the accident Mrs. Liles had people come over and tell her what happened; Mrs. Liles' neighbors also told her that they had seen the Balmers' dog running loose earlier in the day). Under these circumstances, we conclude that appellant's untrustworthy and hearsay sources evidencing her alleged pre-hypnotic recollection of the incident falls far short of the clear and convincing evidence needed to satisfy *Smoyer/DiNicola.* Because appellant has failed to demonstrate that her proposed testimony was established and existed prior to the hypnotic process, the trial court did not err in concluding that appellant was incompetent to testify as to the details of the accident.

■ Although appellant asserts that the above standards governing the admissibility of hypnotically refreshed testimony in criminal cases has been met, she suggests that a more liberal standard of admissibility ought to be applied in civil cases due to the differing constitutional concerns and burdens of proof.[7] We disagree. The reliability problems underlying hypnotically refreshed testimony have been discussed in detail in *Commonwealth v. Romanelli,* 522 Pa. at 226–227, 560 A.2d at 1386–1387 and *Commonwealth v. Nazarovitch,* 496 Pa. at 104–105, 436 A.2d at 174–175 and need not be reiterated here. Suffice it to say that the same concerns which led our Supreme Court to reject the admissibility of hypnotically refreshed testimony in a criminal proceeding are no less present simply because the action is civil in nature.

"Where the Supreme Court has spoken on a particular subject, it is our obligation, as an intermediate appellate court to follow and apply that decision.... In the absence of legally relevant distinction ... we are obliged to follow the

7. The decisions cited by appellant in support of this proposition are wholly inapposite as the admissibility of hypnotically refreshed testimony was neither at issue nor addressed therein. These cases instead involved the question of whether the plaintiffs' evidence was sufficient to establish a *prima facie* case of negligence. *See Rumsey v. Great Atlantic & Pacific Tea Co.,* 408 F.2d 89, 90–91 (3d Cir.1969); *Smith v. Bell Telephone Company of Pennsylvania,* 397 Pa. 134, 136, 153 A.2d 477, 479 (1959). Accordingly, *Rumsey* and *Smith* do not support the view that hypnotically refreshed testimony is subject to a different admissibility standard in a civil case.

dictates of the Supreme Court's decision...." *Malinder v. Jenkins Elevator & Machine Co.*, 371 Pa.Super. 414, 421, 538 A.2d 509, 513 (1988) (*en banc*). Because the reliability problems inherent in hypnotically refreshed testimony are the same regardless of the nature of the proceeding, there is neither a logical nor compelling reason to apply a different standard for admitting such evidence in a civil case. We therefore decline to adopt a more liberal standard governing the admission of hypnotically-enhanced testimony here.

■■■ Having concluded that the trial court's evidentiary rulings were correct, we must next examine the propriety of the compulsory nonsuit. Appellant contends that the entry of the nonsuit was improper because it occurred prior to the close of her case and before all of her evidence was admitted. While appellant is technically correct, her argument ignores the fact that she had no remaining competent and relevant evidence to present on the issues of negligence and causation. In fact, appellant's own counsel admitted that the trial court's competency determination effectively precluded appellant from proceeding with her case. *See* N.T. 6/23/92 at 87. Because appellant's case was essentially complete prior to the entry of the nonsuit and because appellant wholly failed to present any evidence indicating that the Balmers violated the Dog Law and that their negligence was the proximate cause of her injuries, appellant clearly was not entitled to any relief. *See, e.g., Harvilla v. Delcamp*, 521 Pa. 21, 25, 555 A.2d 763, 764 (1989) (in negligence cases, the fundamental rule of law is that the plaintiff must prove by a preponderance of the evidence that the defendant was negligent and that his negligence was the proximate cause of the accident); *Miller v. Hurst*, 302 Pa.Super. at 245, 448 A.2d at 619 (violation of the Dog Law is negligence *per se*, but liability does not attach unless the violation is a substantial factor in bringing about the injuries sustained). The trial court's entry of the compulsory nonsuit was therefore proper. *See Sinclair by Sinclair v. Block,* and *Taliferro v. Johns–Manville Corp., supra,* 421 Pa.Super. 204, 617 A.2d 796.

Appellant's remaining allegation of error relates to the trial court's alleged inordinate delay with respect to this appeal.[8] The record reveals that the compulsory nonsuit was entered on June 23, 1992. Appellant promptly filed a motion for removal of the nonsuit, which she mislabelled as a motion for reconsideration, on July 2, 1992. Notwithstanding the pendency of her motion, appellant filed an interlocutory appeal from the entry of the nonsuit six days later on July 8, 1992. Upon motion of appellees, this court subsequently quashed the premature appeal on September 2, 1992. After this matter was remanded to the trial court, appellant took no action until April of 1993, at which time she moved to place her motion for argument. Following argument in June of 1993, the trial court promptly disposed of appellant's motion and appellant timely appealed therefrom.

The trial court thereafter directed appellant to file a concise statement of matters complained of in accordance with Pa. R.A.P., Rule 1925(b), 42 Pa.C.S.A. Appellant complied with this directive.[9] The trial court thereafter did not issue an opinion, believing its previously filed opinions regarding the admissibility of Mrs. Liles' testimony to be sufficient. *See* Trial Court Opinion, filed 10/17/94 at 1 and 20. The lower court clerk did not transmit the record within the requisite forty (40) day time period mandated by Pa.R.A.P., Rule 1931(a), 42 Pa.C.S.A. According to the trial court, the clerk's noncompliance was attributable to her erroneous assumption that a further opinion would be issued by the trial judge. *Id.* at 20–21. The trial court was subsequently directed to transmit the certified record to this court. The lower court com-

8. Throughout much of the brief, appellant's counsel has attempted to impugn the integrity and impartiality of the trial court. We have reviewed the trial court's rulings in light of the certified record as well as the explanation of the history of this case provided by the trial court in its supplemental opinion. Notwithstanding counsel's beliefs to the contrary, we find nothing in the record which remotely supports his insinuations. We do not condone counsel's behavior and caution him that unfounded criticism of the trial court is not an adequate substitute for proper legal argument and preparation.

9. Appellant's statement can hardly be deemed "concise." She asserted twenty-one separate allegations of error which spanned three and one-half pages.

plied with this directive and this court received the record in June, 1994. A supplemental record containing the trial court's additional opinion was thereafter forwarded to this court.

Contrary to appellant's assessment, nearly half of the delay in this case was attributable to appellant. Initial delay was caused by the premature appeal which appellant hastily filed without according the trial court sufficient opportunity to consider, let alone rule on, her pending motion. Appellant also caused additional delay by failing to promptly move the case for argument following the dismissal of her appeal. The remaining period of detention appears to have been primarily attributable to the court clerk rather than the trial judge. With respect to the trial court's failure to issue an opinion, we note that Rule 1925 does not require a trial judge to issue an opinion in all cases. Instead, a statement is only necessary where the reasons for the order do not already appear of record. In this case, the trial judge's rationale was apparent from both his prior opinions and the record. The trial judge nonetheless issued an additional opinion which was submitted to this court.

While the delay associated with the clerk's retention of the record and the issuance of the trial judge's supplemental opinion was unfortunate, it was not unduly excessive in comparison to other similar appeals. Although it may be said that "justice delayed is justice denied," the delay in this instance has not deprived appellant of her due process rights nor has it resulted in any prejudice to appellant. In any event, the trial court's delay in submitting the certified record and its opinion, standing alone, does not entitle appellant to the grant of a new trial where her claims are devoid of merit and it is obvious that she is unable to prove a *prima facie* case of negligence against appellee through legally admissible, competent and reliable evidence. Finding no error or abuse of discretion warranting the grant of any relief, we affirm the order of the trial court.

Order affirmed. Appeal of Robert Liles is dismissed.