Paul ENGLE, Appellant,

v.

**BEAVER COUNTY and
Nello Construction Co.,
a Division of Gito, Inc.**

Commonwealth Court of Pennsylvania.

Argued June 5, 2000.

Decided June 22, 2000.

business for his own benefit or profit un- less he is licensed with this act.

Christopher R. Opalinski, Pittsburgh, for appellant.

Richard G. Kotarba, Pittsburgh, for appellee, Nello Const. Co., a division of Gito, Inc.

Robert A. King and Bruce E. Stanley, Pittsburgh, for appellee, Beaver County.

Before SMITH, J., FLAHERTY, J., and McCLOSKEY, Senior Judge.

SMITH, Judge.

Paul Engle appeals from an order of the Court of Common Pleas of Beaver County that denied the motion for a preliminary injunction filed by Cheryl Eckhardt in an action in equity seeking to prevent the award of a construction contract to Nello Construction Company (Nello). Engle questions whether there is a legitimate basis for a distinction between "bid submission" and "post-bid submission" procedures where a bidder's lump-sum proposal allegedly was based upon products not permitted by the bid specifications and the contracting authority failed to comply with post-bid submission procedures. Further, Engle questions whether promises to abide by the requirements in the future require that the contract award stand where the trial court identifies egregious violations of bid specifications which raised at least an appearance of impropriety. Beaver County has filed a motion to quash the appeal, asserting that the purported substitution of Engle for the original plaintiff Eckhardt was not valid.

For construction and renovation work on the Beaver County Courthouse Annex, the bidding documents specified that proposed substitutions of materials must be submitted in writing to the project architect, Wallover, Mitchell, Bontempo & Associates, Inc., at least seven days before the receipt of bids. Further, the bid instructions specified Wausau Window and Wall Systems components for certain window and curtainwall applications. Nello submitted the apparently low bid for the general construction contract. However, its

list of subcontractors and materials, which was required to be submitted before issuance of the contract, did not specify materials. Nello's bid stated that its materials would comply with bid instructions. The architect approved Nello's submission, and Beaver County awarded Nello the contract even though another stated procedure of requiring such lists from the three lowest bidders also was not performed.

Eckhardt filed a complaint in equity and a motion for a preliminary injunction on February 17, 2000, seeking to prevent the award of the construction contract to Nello. She filed in her capacity as a taxpayer of Beaver County. A hearing was held on the motion on March 2, 2000, although Eckhardt did not appear. As the trial court noted, the principal witness for the plaintiff was Michael Coates of Mike Coates Construction Company, Inc., who also submitted a bid for the contract. Following closing arguments via teleconference on March 6, 2000, counsel for Eckhardt filed a "Notice of Voluntary Substitution of Party Plaintiff" on March 7, 2000. The notice stated that pursuant to Pa. R.C.P. No. 2352(a), and by virtue of the attached statement of material facts supporting substitution, Engle voluntarily substituted himself for Eckhardt in the case.

The trial court issued a thorough memorandum opinion and order on March 15, 2000, which specified three irregularities argued by Eckhardt. The first two concerned the alleged improper approval of Nello's supplier/materials list and the architect's failure to comply with Section 10 of the bid instructions by notifying the three lowest bidders to submit certain data within five days. The third irregularity concerned Nello's failure to file an experience and qualifications statement. The court concluded that the procedure of the submission of the lump-sum bid proposals had not been violated and that ultimately Nello gained no competitive advantage from any consideration it gave to seeking a

substitution of materials or from any post-bid-submission irregularities involving contacts between the architect and Nello. In the court's view, the circumstances surrounding the architect's failure to comply with Section 10 of the bid instructions or to require a qualifications statement were not sufficient to warrant setting aside the contract award to Nello, and Eckhardt had not established the likelihood of prevailing on the merits after a final hearing. The court denied the requested relief and dismissed the motion for a preliminary injunction.[1] Engle filed a notice of appeal to this Court.

■ The Court turns first to the motion filed by Beaver County on April 4, 2000 to quash the appeal on the ground that the purported substitution of Engle for Eckhardt was improper and that Engle was not a proper party plaintiff or appellant.[2] The Court directed the motion to be briefed and argued along with the merits. Beaver County notes that Pa. R.C.P. No. 2352 provides for substitution of a party only by a "successor." Rule 2352(a) provides: "The successor may become a party to a pending action by filing of record a statement of the material facts on which the right to substitution is based." In Engle's statement of material facts that he filed along with his notice of voluntary substitution, he averred that "by virtue of the fact that I am a taxpayer of Beaver County residing at 256 White Church Road in New Galilee, Beaver County, Pennsylvania—I have the right to substitute myself voluntarily for Cheryl Eckhardt as Plaintiff in this action and that I invoke that right."

Beaver County and Nello emphasize that the term "successor" is defined in Pa.

R.C.P. No. 2351 for purposes of Rule 2352. Rule 2351 provides: "'successor' means anyone who by operation of law, election or appointment has succeeded to the interest or office of a party to an action." Nello argues that the intent of Rule 2352 is to provide a procedural mechanism for substitution of a party in a pending action where an event outside the action has occurred that caused another person or entity to succeed to the interest or office of the party. It contends that Engle cannot assert that he has succeeded to any interest of Eckhardt by operation of law and that he has not been elected or appointed to an office previously held by Eckhardt. Nello argues that the definition of "successor" in Rule 2351 would be rendered meaningless if any person or entity could claim that status by self-appointment.

Engle asserts in a reply brief that the argument that he did not succeed to Eckhardt's interest ignores the fact that as a taxpayer he had the right to commence this suit in his own name like Eckhardt or any of the other nearly 200,000 residents of Beaver County. In the alternative, Engle maintains that even if his voluntary substitution was improper the granting of Beaver County's motion to quash would be in derogation of the judiciary's primary concern with dispensing justice. He relies upon Pa. R.C.P. No. 126, which provides that the rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action and that the court at every stage of an action may disregard any error or defect of procedure that does not affect the substantial rights of the parties. *See also* Pa. R.A.P. 105(a).

The Court observes that commentators have illustrated the terms of the definition

1. The trial court's order retained "Cheryl Eckhardt" as the named plaintiff in the caption. The court noted the filing by Engle purporting to substitute himself for Eckhardt and the apparent objection of Beaver County and the intervenor Nello but stated that such issues had no bearing on the matter before the court and would be reserved for a later time.

2. Pa. R.A.P. 1972, relating to dispositions on motion, provides in part: "Subject to Rule 123 (applications for relief), any party may move: ... (7) To quash for any other reason appearing on the record." By order of May 26, 2000, the Court granted Engle's renewed motion for expedited review.

in Rule 2351 by noting that a newly elected district attorney would succeed "by operation of law" to the interests of his or her predecessor, as would a successor trustee. 7 Goodrich Amram 2d § 2351:4. The term "election" usually refers to succession by an elected public officer who is elected to replace a party in a pending action or an election of a new corporate director. *Id.,* § 2351:5. An "appointment" includes the normal situation of the death, resignation, retirement or removal of a fiduciary and the naming of a successor by a court or by specified procedures or the appointment of public officers. *Id.,* § 2351:6. It is clear that Engle was not a "successor" to any interest or office of Eckhardt within the meaning of Rule 2351.

■ Further, the Court rejects the suggestion that a former stranger to an action should be permitted to insert himself into proceedings at the trial level or on appeal through voluntary substitution simply by claiming that he has a similar interest or that he could have pursued a similar action in his own right. Engle did not file an action in his own name. Nor did he seek to intervene in the action filed by Eckhardt pursuant to applicable Rules of Civil Procedure. *See* Pa. R.C.P. Nos. 2327, 2328. Even when intervention is properly sought, it is not an absolute right but rather may be denied on various grounds. Pa. R.C.P. No. 2329. In the present case the record demonstrates, as Beaver County and Nello contend, that the purported substitution of Engle for Eckhardt was entirely improper.

The basic requirements for a right to appeal in Pennsylvania include status as a party and aggrievement pursuant to Pa. R.A.P. 501: "Except where the right of appeal is enlarged by statute, any party who is aggrieved by an appealable order, or a fiduciary whose estate or trust is so aggrieved, may appeal therefrom." Section 102 of the Judicial Code, *as amended,* 42 Pa.C.S. § 102, defines "party" as "[a] person who commences or against whom relief is sought in a matter. The term

includes counsel for such a person who is represented by counsel." In *Silver Spring Township v. Pennsy Supply, Inc.,* 149 Pa. Cmwlth. 314, 613 A.2d 108 (1992), where Helen E. Sullivan was one of two named appellants and was a putative member of a class that was not yet certified, the Court held that one who is not a named party to an action cannot become a party by the simple expedient of walking into the office of a prothonotary and filing an appearance. The Court relied in part upon the Judicial Code definition.

The Court noted in *Silver Spring Township* that, although Sullivan and her husband had entered an appearance in the trial court, they had not commenced the action in equity as a class action, they were not named in the caption, they did not have a right to control the proceedings, to adduce evidence, to cross-examine witnesses or to file an appeal and they had not sought to intervene pursuant to the applicable Rules of Civil Procedure. The Court sua sponte ordered Sullivan stricken as a party appellant. *See also Liles v. Balmer,* 439 Pa.Super. 238, 653 A.2d 1237 (1994) (striking husband of injured moped rider as party appellant where he was not named as a party in the complaint or in the trial court caption, the complaint did not state a cause of action on his behalf, he was not a direct participant in proceedings before the trial court, he had not sought permission to intervene during the trial court proceedings and the complaint was never amended).

■ Similarly, in the present case, Engle was not a party to the action commenced by Eckhardt and made no effort to intervene during the trial court proceedings, and he did not become a party by virtue of the attempted improper substitution. Unlike the situations in *Silver Spring Township* and *Liles,* however, there is no remaining appellant who is a proper party to the case, and this appeal therefore is no longer viable and may not proceed any further. The Court therefore grants the motion of Beaver County to

quash the appeal. In view of this determination, the Court need not address Engle's other contentions.

## *O R D E R*

AND NOW, this 22nd day of June, 2000, the motion of Beaver County to quash the appeal of Paul Engle from the order of the Court of Common Pleas of Beaver County is granted, and the appeal is hereby quashed.